## SITCHON v. AMERICAN EXPORT LINES, Inc.

### No. 374.

Circuit Court of Appeals, Second Circuit.

July 19, 1940.

Jacob Rassner, of New York City (Jacob Rassner and Charles J. Hyman, both of New York City, of counsel), for plaintiff-appellant.

Haight, Griffin, Deming & Gardner, of New York City (Kenneth Gardner, Arthur O. Louis, and James M. Estabrook, all of New York City, of counsel), for defendant-appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from a judgment and order dismissing the complaint in an action by a seaman for personal injuries suffered on or about June 10, 1938, when acting as a cook on board the defendant's vessel S.S. Exchange. His injuries arose from being struck on the head by the handle of a defective meat grinder which came apart from the machine. He received treatment at the Marine Hospital in New York and there was examined and treated by physicians of the hospital who were entirely independent of the defendant. The clinical records of the hospital showing the results of examinations on August 8 and 23, 1938, indicated injuries from concussion which were apparently not of a serious character. He was an outpatient there from August 8 to October 31, 1938.

The plaintiff employed an attorney who presented the defendant with a claim for damages arising from his injuries and finally negotiated a settlement with the defendant at $180. The settlement covered all his injuries known and unknown, present and future, for which the defendant might be liable. The release and

accompanying documents which included a certificate signed by Irving J. Heyman, a lawyer in the office of Mr. Lewinson, who represented the seaman, and by A. T. Johnsen, who represented the defendant, appear in the footnote.[1]

[1] THIS IS A GENERAL RELEASE

WARNING—READ CAREFULLY every word printed or written on both sides of this paper. By signing this paper You Agree to give up every right against all the parties and ships mentioned in this paper which you ever had, you now have, or you may in the future have because of any matter or any thing which ever happened from the beginning of the world up to the time you sign this paper.

I, Atanasio Sitchon    Age 40 Yrs Single
(Write your own    (Write here whether
name and age).    you are married or
    single)

Address 477 W 22nd St New York City in exchange for the sum of One hundred and eighty DOLLARS ($180 00/xx) which I have received, do hereby release    and forever discharge
(Write the word "release" to show that you
know what you are doing)

American Export Lines, Inc.
(Here insert Full Names of Persons, Corporations or Partnerships to be released)

heirs, executors, administrators, successors and assigns, and their several vessels and in particular the S. S. Exchange and the owners, agents, charterers, masters, officers and crews of said vessels of each and every right or claim which I now have, or may hereafter have, because of any matter or thing which happened before the signing of this paper; and particularly, but not in limitation of any of the foregoing general terms because of *any and all injuries and/or illnesses sustained by me while employed on the S. S. Exchange, voyage 47 on or about June 10th, 1938.*

(1) THIS IS A RELEASE

(2) I am giving up every right I have.

(3) In making my mind up to sign this release I am not relying on anything that has been told me by anyone.

(4) I know that in signing this release I am taking the risk that I may now or in the future have other injuries, illnesses or disabilities that I do not now know of, including not only those resulting from the particular occurrence mentioned above but also those resulting from all other occurrences, whether they are or are not mentioned in the release.

(5) I also know that I am taking the risk that the injuries I do know of may be or may turn out to be worse than they seem to me now.

(6) I take all these risks.

(7) I know I am giving up the right to any further money.

(8) I am satisfied.

(9) I further warrant that the above mentioned sum is received by me in full settlement and satisfaction of all the aforesaid claims and demands whatsoever.

The following is to be filled in by the Claimant himself in his own handwriting, if he can write.

A. Do you make the above nine numbered statements and do you intend that the parties whom you are releasing shall rely on the statements as the truth? A (Write here either "yes" or "no") Yes.

B. Have you read this paper? A (Write here either "yes" or "no") Yes.

C. Has this paper been read to you? A (Write here either "yes" or "no") Yes.

D. Do you know what this paper is which you are signing? A (Write here either "yes" or "no") Yes.

E. What is this paper which you are signing? A Release.

F. Do you know that signing this paper settles and ends EVERY claim you have for DAMAGES as well as for maintenance, cure, and wages? A (Write here either "yes" or "no") Yes.

THEREFORE, I am signing my name near the seal to show that I mean everything that is said by me on this paper. November 14th, 1938.

THIS IS A RELEASE

ATANASIO SITCHON (SEAL)

Claimant, if he wishes to sign, should write his name upon the words "THIS IS A RELEASE" immediately above.

CERTIFICATE OF WITNESS

We, the undersigned, do hereby certify that the Release on the reverse side of this paper was executed in our presence and that said Claimant acknowledged that (he or she) he fully understood its contents and meaning and executed the same as (his or her) his free act and deed and for the sole consideration therein expressed.

Witness our hands and seals on the day, month and year aforesaid.

(Name) Irving J. Heyman (Seal)
(Address) 2 Lafayette Street,
    New York City, N. Y.
(Name) A. T. Johnsen (Seal)
(Address) Pier F, Jersey City, N. J.

The plaintiff says in his affidavit:

"That both the defendant's attorneys and deponent's attorneys believed that the sum of $180.00 was a fair, just and reasonable settlement under all of the circumstances.

"There was no attempt at overreaching or unfairness on the part of anyone concerned. There was a mutual mistake as to the nature and extent of the injuries and deponent feels that such mistake because of incorrect diagnosis of deponent's condition should not be used as a bar to deponent's cause of action."

After the settlement and the execution of the release the seaman was examined by another physician. The examination tended to show that he had received a fracture of the skull which was causing continuous pain, which prevented him from working and was bound to result in permanent disability. He employed another attorney and brought the present action in which the defendant pleaded the release as a bar.

The defendant moved in the action on affidavits to obtain a summary judgment dismissing the complaint and his motion was granted by the District Court. We think that the decision was right and should be affirmed.

The question before us is whether a seaman acting under the advice of counsel may execute a *binding* release specifically covering known and unknown injuries, illness and disabilities which will preclude him from afterwards avoiding the release and suing upon his claim if he discovers that both he and the party against whom the claim existed were mistaken at the time he gave the release as to the extent of his injuries.

■ The appellant contends that a release predicated upon an erroneous conception of the nature of the injuries does not deprive a litigant of his day in court to try out his claim on the merits and relies especially on our recent decision in Bonici v. Standard Oil Co., 103 F.2d 437, 438, in which a seaman had given a release of his claim for maintenance and cure arising from personal injuries. The seaman there had signed a release of his employer, the Standard Oil Company, on the advice of the latter's physician that there was nothing wrong with him arising from his injuries. This representation was given in good faith but was erroneous. Bonici did not, like Sitchon, have the advantage of

the independent advice of his own physician and lawyer, and only acted on the advice of one who would naturally have been partial to his employer. While we there held that the release was voidable and did not bar recovery and said that "the rule to be applied is * * * that such releases * * * are jealously scrutinized to see that these 'wards of the admiralty' have not been overreached", we went on to say: "* * * 'one who claims that a seaman has signed away his rights to what in law is due him must be prepared to take the burden of sustaining the release as fairly made with and fully comprehended by the seaman' (Harmon v. United States, 5 Cir., 59 F. 2d 372, at page 373), neverthless a release fairly entered into and fairly safeguarding the rights of the seaman should be sustained. Any other result would be no kindness to the seaman, for it would make all settlements dangerous from the employer's standpoint and thus tend to force the seaman more regularly into the courts of admiralty. Even if a seaman is the court's ward, the court cannot be always at hand to watch over him, for it can only move ponderously in a formal lawsuit. Fair settlements are in the interest of the men, as well as of the employers."

It is a different thing to uphold a settlement by a seaman in which the compensation paid for his injuries is inadequate and the only advice he has received is that of the physician of the employer from sustaining one where, as here, he has the advice of his own doctor and lawyer whose only bias would probably be in his favor. If such a settlement as the one in the case at bar is voidable, no release by a seaman could ever be free from attack, if he subsequently discovered that his injuries were greater than he anticipated when executing the release.

■ When a seaman has made a settlement after full investigation and with independent advice, we can see no ground for holding it invalid. The question in any case is whether the seaman, if he is acting alone, has intelligence enough fully to understand the situation and the risk he takes in giving up the right to prosecute his claim or whether, if he is acting under advice, that advice is disinterested and based on a reasonable investigation. Here the seaman and his attorney before making the settlement re-

lied on two examinations by the Marine Hospital and the defendant made no separate examination. Each party entered into a settlement based on identical information and conducted in the fairest manner.

The plaintiff further relies on Tulsa City Lines, Inc. v. Mains, 10 Cir., 107 F. 2d 377. There a passenger who was injured on a bus gave a release to the Line. She later sought to avoid her settlement on the ground that she was misled regarding the extent of her injuries through erroneous, though bona fide, representations made to her attorney by the doctor for the Line to the effect that the injuries were trivial and also on the ground that under the law of the State of Oklahoma, where the accident occurred, the mistake of the doctor, though innocent, would invalidate the release. The court held the release invalid on both grounds in spite of the fact that the woman had a doctor of her own who concurred in the diagnosis of the doctor for the Line. So far as that decision rests on the law of Oklahoma it is inapplicable to the present case. So far as it rests on the representations of the company's doctor it is a decision that with all respect we could hardly follow, for the reason that the passenger had the independent advice of her own physician and also of her counsel when the settlement was made. But in any event in the case at bar there was no representation by the defendant or its doctor, and the plaintiff acted wholly on his own knowledge and on reports and advice of his own agents.

The release here contemplated a settlement of claims for all present and future damages arising out of the accident. The settlement does not bear the slightest taint of fraud and if there was a mistake as to the nature or extent of the injuries, and the judge in the court below seems to have thought there was none, the release accompanying the settlement fairly arrived at was a bar to the plaintiff's action. Bonici v. Standard Oil Co., 2 Cir., 103 F.2d 437; Harmon v. United States, 5 Cir., 59 F.2d 372; Spangler v. Kartzmark, 121 N.J.Eq. 64, 187 A. 770; Cogswell v. Railroad, 78 N.H. 379, 101 A. 145.

The law of New Jersey is apparently in accord with the result we have reached, though that fact is really unimportant where the question is one affecting the rights of a seaman under the maritime law. That question is one which the United States courts have to answer.

Judgment and order affirmed.