**AMES v. AMERICAN EXPORT LINES, Inc.**

District Court, S. D. New York.

Nov. 27, 1941.

William L. Standard, of New York City (Charles Glatzer, of New York City, of counsel), for plaintiff.

Haight, Griffin, Deming & Gardner, of New York City (Arthur O. Louis, of New York City, of counsel), for defendant.

GODDARD, District Judge.

This is a motion by defendant to dismiss the complaint on the ground that the plaintiff on July 9, 1940, prior to the commencement of the action on November 6, 1940, executed a general release relating particularly to the claim alleged in the complaint.

The plaintiff admits the signing of the document in question but says that he was under the impression that it was merely a receipt for wages.

Ames, the "Third" officer on defendant's m/s Exton, claims that on March 4, 1940 he suffered an injury to his left eye when stevedores, who were shifting cargo at the Port of Aden, Arabia, dropped a case of merchandise, causing dirt and splinters to strike his left eye.

The complaint alleges two causes of action; the "First", a claim for $50,000 damages as a result of defendant's negligence; the "Second", a claim for $10,000 for maintenance and cure.

The release is on a printed form; at the top of it in large red letters is the following:

"Release of All Rights

"Read Carefully. By signing this you give up Every right you have."

In the margin, on the side, are the words in typewriting: "I expressly warrant that this release of all rights is given of my own volition after full deliberation." followed by the plaintiff's signature.

The printed form contains a number of blank spaces; some filled in with typewriting but most of them by the plaintiff in his own handwriting. One of them filled in by the plaintiff states that he has read the contents. The release was signed and acknowledged before a Notary Public. At the time he executed the release he received $350 from the defendant; he had previously received $76.25 from the defendant, for which he signed receipts containing the statement: "Advance against settlement to be accounted for on execution of releases".

In plaintiff's affidavit he states that he had been earning the sum of $190 per month as Third Officer. The plaintiff is a native born American, thirty-one years old at the time, and is a graduate of the University of Southern California, having obtained a Chief Officer's license on January 11, 1940, and is now the Master of S. S. Compadre. On a previous occasion, while in the employ of another steamship company, he had signed a general release when he had suffered an illness.

To refute the effect of this release, the plaintiff says in his affidavit that his discussion with the representatives of the defendant related to a salary settlement and that "I was always under the impression that I was signing a release only for my salary to which I would be entitled, and did not at any time intend to release the defendant from any liability claim * * * my injury was of a severe nature. I was compelled to remain away from work for almost six months as a result of the condition of my eye."

There is no charge that the defendant made any misrepresentations or that plaintiff relied on any statement of the defendant, or of any doctor employed by the defendant. He was treated at the United States Marine Hospital and was not examined by a doctor employed by the defendant.

A Third officer is a "seaman" as defined under the Act relating to Merchant Seamen, 46 U.S.C.A. § 713, and is generally regarded as a seaman. The Buena Ventura, D.C., 243 F. 797. Seamen are looked upon as "wards of the Admiralty". Although I find no authority either way, I think the reasons for treating a seaman as a ward of the Admiralty apply to the usual "Third" officer and that he, as well as ordinary and able seamen, are to be so regarded. But this does not mean that a seaman may not settle a claim and execute a valid release, for that would deprive him of a valuable right and be detrimental to the interests of all concerned. Seamen's

releases have been passed upon by the Circuit Court of Appeals of this Circuit. Bonici v. Standard Oil Company of New Jersey, 103 F.2d 437, release held inoperative; Sitchon v. American Export Lines, 2 Cir., 113 F.2d 830, release held valid; Hume v. Moore-McCormack Lines, Inc. et al., 2 Cir., 121 F.2d 336, release held inoperative. In each of these cases it was held that a seaman's release was not void and always inoperative, but should be considered from the standpoint of the fairness of the conditions under which it was secured and of the conditions of the settlement which it constituted.

The courts do carefully scrutinize the release obtained from a seaman to see that it has not been gotten by overreaching, either as a result of misrepresentation on the part of his employer, reliance upon his employer's advice, or his own ignorance, and lack of familiarity with such matters.

I do not suggest that where the amount paid to the seaman was grossly inadequate it would not be an indication that the seaman failed to understand his rights and the consequences of his act.

If the release is not defective for any of the above mentioned reasons and the seaman is capable of fully understanding his rights and the consequences of his acts, a seaman's release ought to be and is binding.

In the cases cited above, as well as in others, the releases of seamen have been held inoperative because of the seaman's ignorance, improvidence, lack of understanding of his rights, reliance upon the diagnosis of physician employed by the vessel owner, fraud and the like.

None of these elements appear in the case at bar. The plaintiff is a college graduate, fully qualified and competent to understand the paper he executed and which he read if the statements written in the release in his own handwriting are true. Substantially all that he offers in his effort to have the release set aside is his statement made months later that he was under the impression that he was merely signing a receipt for wages. But his own acts and all the circumstances overwhelmingly lead to a contrary conclusion and the only one, it seems to me, that reasonable men can draw from the facts.

I am reminded by counsel for plaintiff that the trend of the courts is to hold seamen's releases inoperative. This may be so. However, if any release executed by a seaman is operative, I think the one in issue is.

Accordingly, the defendant's motion is granted, and the complaint is dismissed. Settle order on notice.