Bruce R. Harrison, Washington, D. C., with whom James H. Myrick, Washington, D. C., was on the brief, for appellant.

Anthony J. Siciliano, Washington, D. C., with whom John J. Daly, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellant sought to recover for personal injuries sustained as a result of a fall while a passenger in a bus owned and operated by appellee. In its answer appellee alleged that the injuries were caused by the sole or contributory negligence of appellant and that the action was barred by a standard release executed by her on the advice of her attorney. At trial appellant sought to set aside the release, contending that it was obtained by her attorney's fraud and misrepresentation and by mistake. At the conclusion of all the evidence appellee moved for a directed verdict. The trial court

Bernice **CHENAULT**, Appellant,

v.

**W. C. AND A. N. MILLER DEVELOPMENT CO.**, Appellee.

No. 3035.

Municipal Court of Appeals for the District of Columbia.

Argued July 16, 1962.

Decided Oct. 10, 1962.

granted the motion, holding that the evidence failed to establish any negligence on the part of appellee. It refused, however, to rule on the validity of the release.

■ We think that the verdict was properly directed for appellee but not on the ground set forth by the trial court. However, our review is not restricted to a consideration of the single ground adopted by the trial judge, and we may affirm the judgment if it is proper on any ground urged in the motion for a directed verdict. Jones v. District of Columbia, D.C.Mun. App., 123 A.2d 364 (1956).

■ Appellant admitted signing the release on the advice of counsel. She now challenges its validity by alleging fraud and misrepresentation on the part of her attorney. She does not contend that he acted as a representative of appellee, nor does she question the propriety of appellee's conduct in negotiating a settlement of her claim with her attorney. We are of the opinion that the release was valid and may not now be set aside; appellee's conduct was proper and in good faith, and appellant executed the release on independent legal advice. See Wagoun v. Chicago, Burlington & Quincy R. R., 155 Neb. 132, 50 N.W. 2d 810 (1952); see also Sitchon v. American Export Lines, 2 Cir., 113 F.2d 830 (1940), cert. denied 311 U.S. 705, 61 S.Ct. 171, 85 L.Ed. 458; Annot., 71 A.L.R.2d 82 et seq. Considering the circumstances under which this release was executed, appellee cannot be held responsible for representations not made, authorized, or participated in by it. Nor can we agree with appellant's contention that the release should be set aside on the ground that she did not understand its effect or the circumstances surrounding its execution. The fact remains that the release was executed by her on the advice of counsel.

Affirmed.

MYERS, J., was present at the argument of this appeal but did not participate in the decision.