**Kenneth G. FLENER, Plaintiff,**

**v.**

**WATERWAYS OIL COMPANY, a Partnership consisting of Mrs. L. D. Smith and Mrs. Laura S. Smith, and Mrs. Laura S. Smith, Executrix of the Estate of Homer C. Smith, Waterways Marine Supplies and Service, Inc., and American Employers Insurance Company, Defendants.**

**Civ. No. 5385.**

United States District Court
W. D. Tennessee, W. D.

Dec. 9, 1966.

Robert L. Dobbs, Memphis, Tenn., for plaintiff.

John S. Porter, of Burch, Porter & Johnson, Memphis, Tenn., for defendants, Waterways Oil Co. and Waterways Marine Supplies and Service, Inc.

Nelson, Norvell, Wilson & Thomason and Fred Ivy, Jr., Memphis, Tenn., for defendant, American Employers Ins.

## OPINION

McRAE, District Judge.

The plaintiff, Kenneth Flener, has filed a suit for damages pursuant to the Jones Act. The plaintiff was injured April 3, 1962, while moving a coil of rope. The defendant Waterways Oil Company, a partnership, was in the business of selling oil to boats in the vicinity of Memphis, Tennessee, traveling the Mississippi River. The primary duties of the plaintiff consisted of operating the vessel TEE-GEE for the defendant Oil Company. The defendant Waterways Marine Supplies & Service, Inc., operates a land based business that stored and sold supplies, including rope, to boats passing Memphis on the Mississippi River. Other corporate entities owned by the same persons who own Waterways Oil Company and Waterways Marine Supplies & Service, Inc., are conducted from the same location. Common supervisory personnel conduct the various operations and common insurance policies in favor of all the companies were procured to cover all employees for various risks.

After the injury of the plaintiff, Hubert A. Norris, the Secretary-Treasurer of the Waterways Companies, referred the claim to the defendant American Employers Insurance Company as a probable Workmen's Compensation claim, due to the fact that the injury occurred while the rope was being unloaded from a delivery truck. At the time, the plaintiff was 37 years of age. The plaintiff was interviewed by an adjuster for the defendant, American Employers Insurance Company, at which time the plaintiff stated that he thought he was covered by the Jones Act. Some temporary payments were made to the plaintiff and the file was kept open by the insurance company awaiting medical reports. Approximately six months after the injury the plaintiff contacted personnel of the defendant Insurance Company. At this time the disability report of the doctor and the monetary benefits pursuant thereto under the Workmen's Compensation Act were explained to the plaintiff. He agreed to a settlement of his injury on this basis and the matter was referred to the attorney for the Insurance Company, L. W. Mahoney. Several days later, on October 12, 1962, the claim was presented to the Circuit Court of Shelby County, Tennessee, as a claim under the Workmen's Compensation Act of Tennessee, and benefits were paid pursuant to that Act. The total benefits received from temporary and permanent disability were $2524.74. In addition to the approval by the Court, a common law release was taken from the plaintiff on October 12, 1962, by the attorney for the defendant, American Employers Insurance Company. There is a dispute of facts as to whether or not the Jones Act was discussed at the time of the taking of the release. Plaintiff asserts that it was not. The attorney for the defendant Insurance Company testified that it was his practice to explain releases and, therefore, he assumes that he did so, including the fact that it was his opinion that the claim was in the "twilight zone" between a Workmen's Compensation claim and a Jones Act claim. The order approving the lump-sum Workmen's Compensation settlement in the Circuit Court of Shelby County, Tennessee, provides as follows:

"At the time of the accident referred to herein contract of employment existed between the employee and the employer within the meaning of the Workmen's Compensation Act of Tennessee."

Subsequent thereto, on February 5, 1963, the plaintiff suffered a second injury in the course of his employment. Through his attorneys suit was filed in this Court under the Jones Act. During the pendency of that case depositions of the plaintiff were taken at which time it

was brought out that he had been previously injured on April 3, 1962, but that a settlement of that claim had been effected. Also, during this time the plaintiff was told by his attorney that the April 3, 1962, injury was probably a Jones Act claim rather than a Workmen's Compensation claim. Settlement was negotiated for the then pending Jones Act case and on May 27, 1964, a comprehensive five page release was executed by the plaintiff and witnessed by his attorney. This was an especially typed release as opposed to a printed form. It recites that the plaintiff releases Waterways Oil Company from the claims of the plaintiff "arising directly, or indirectly, from the alleged accident aforesaid [2–5–63] or any prior accident in equity, at law, or in admiralty, either now known or hereafter discovered * * * ." The release also provided "THE UNDERSIGNED HEREBY CERTIFIES THAT HE HAS SIGNED THE AFORESAID RELEASE AFTER CAREFULLY READING SAME AND THAT THE SAME HAS BEEN FULLY EXPLAINED TO HIM BY HIS ATTORNEY AND THAT HE UNDERSTANDS THE SAID RELEASE."

That Jones Act case was dismissed May 28, 1964. The complaint in this cause was filed November 25, 1964. By consent of all the parties, the issues of law and fact which pertained to the pleas of release, res adjudicata, former judgment and the applicability of the Workmen's Compensation Law of Tennessee, were tried without the intervention of a jury.

For the plaintiff to prevail in this case it is necessary for him to be found to have been a "seaman," within the meaning of the Jones Act, at the time of the first injury. Therefore, for the purpose of resolving the preliminary issues which have been tried by the Court, it will be assumed that the plaintiff was a "seaman."

■■ A "seaman" is a ward of the court and defenses to a seaman's claim based upon prior release or settlement

must be looked on with care and scrutiny. The defendant has the burden of showing that such defenses were fair and equitable to the seaman. Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239, 1942 AMC 1945 (1942).

The defendants assert that the final settlement of the Workmen's Compensation claim in the Circuit Court of Shelby County, the common law release taken at the same time and the subsequent release dated May 27, 1964, preclude recovery in this case.

The matter of the right to sue under the Jones Act after receiving final Workmen's Compensation benefits was considered in the recent case of Biggs v. Norfolk Dredging Company, 360 F.2d 360 (4th Cir.). In that case the court reversed the District Court action granting a motion for summary judgment in favor of the employer in a situation wherein the employee had received a final award by the Virginia Industrial Commission under the Virginia Workmen's Compensation Act. Biggs v. Norfolk Dredging Co., 237 F.Supp. 590 (D.C. E.D.Va.). The Court of Appeals determined if the employee was found to be a "seaman" he was not precluded from proceeding under the Jones Act by the prior Workmen's Compensation settlement but the employer would get credit for the Workmen's Compensation benefits.

Without trying to distinquish possible differences on the issue of res adjudicata in the fact situation of the instant case, this Court is of the opinion that the Workmen's Compensation settlement is significant in the instant case for its role in testing the equity of the two common law releases executed by the seaman, one contemporaneously with the court settlement and one seventeen months later on advice of counsel. In this regard it should be noted that the Workmen's Compensation settlement was not hastily effected and it was submitted to the scrutiny of a Court of record in Tennessee. Furthermore, the proof shows that the Workmen's Compensation

insurance and Maritime insurance for the Waterways Companies were with different carriers. Therefore, if the claim had been processed as a maritime claim the defendant American Employers would have been relieved of liability for the injury.

Although releases by seamen must be tested for fairness, a seaman can release his claim. Sitchon v. American Export Lines, Inc., 2 Cir., 113 F.2d 830; Hassan v. A. M. Landry & Son, Inc., 321 F.2d 570 (1963) (5th Cir.) cert. denied 375 U.S. 967, 84 S.Ct. 486, 11 L.Ed.2d 416. In Garrett v. Moore-McCormack Co., supra, Mr. Justice Black prescribed the tests for a seaman's release as follows:

> "We hold, therefore, that the burden is upon one who sets up a seaman's release to show that it was executed freely, without deception or coercion, and that it was made by the seaman with full understanding of his rights. The adequacy of the consideration and the nature of the medical and legal advice available to the seaman at the time of signing the release are relevant to an appraisal of this understanding."

In the instant case we find no evidence of coercion or deception.

In the release of May 27, 1964, executed by the plaintiff and his attorney there is a recital in bold type that he fully understood the release. Although the plaintiff's education was limited to the eighth grade, he was 37 years old and there was no showing of incapacity to understand. Furthermore, before signing the second release he had sought and received the advice of counsel concerning this very claim.

This is not a case of inadequacy of consideration based upon a nominal consideration for a release; nor is it a case wherein there was a mistake on the nature and extent of the injuries. In these regards the plaintiff has alleged in his complaint that his injuries were governed by the Jones Act, "which would have entitled plaintiff to a greater recovery for his injuries."

It is, therefore, the opinion of the Court, after a trial on the merits of the issues submitted to the Court by agreement, that judgment should be for the defendants.