Joseph S. GUEHO, Plaintiff-Appellee,

v.

DIAMOND M. DRILLING COMPANY, et al., Defendants-Appellants.

No. 75–2742
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 17, 1975.
Rehearing Denied Feb. 2, 1976.

Joseph J. Weigand, Jr., Joseph L. Waitz, Houma, La., for defendants-appellants.

E. M. Nichols, Lake Charles, La., for plaintiff-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

The plaintiff in this action, a Jones Act, 46 U.S.C. § 688 et seq., employee of Diamond M. Drilling Company, sustained an injury to his knees when the crew boat in which he was riding ran aground in St. Mary Parish, Louisiana. The plaintiff, who was not represented by counsel, and the defendant, who was represented by an insurance adjuster, entered into a settlement for the sum of $18,000 on February 8, 1974. After interviewing the plaintiff, Judge Edwin F.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Hunter, Jr., of the Western District of Louisiana approved the settlement. Later, on the evening of the day of the settlement, defendant terminated plaintiff's employment. Plaintiff filed an action to have the settlement set aside contending that during the negotiations he had been led to believe that he would retain his employment. Judge Richard J. Putnam vacated the settlement and after trial rendered judgment in favor of the plaintiff for the sum of $25,000. Defendant appeals from the order of the district judge vacating the settlement.

The only issue before this court is whether there was a factual basis for the decision of the trial court in setting aside the settlement. Settlements involving seamen's rights are subject to careful scrutiny. *See, Garrett v. Moore-McCormack Co.,* 317 U.S. 239, 248, 63 S.Ct. 246, 87 L.Ed. 239 (1942). In an action under the Jones Act, the burden is upon the party claiming settlement as a defense to show that it was entered into by the seaman with an informed understanding of his rights and a full appreciation of the settlement's consequences. *See, Blanco v. Moran Shipping Company,* 483 F.2d 63 (5th Cir. 1973); *Cates v. United States,* 451 F.2d 411 (5th Cir. 1971). In this case, there was ample evidence to demonstrate that the plaintiff was led to believe that he would maintain his employment. Gueho questioned the insurance adjuster whether the settlement would affect his job and received the reply that there would be no effect. Moreover, when the plaintiff had entered into a prior settlement concerning a previous injury he obtained the specific promise from Diamond that he would maintain his employment. This previous promise, coupled with the responses given by the adjuster to plaintiff's questioning concerning his employment, clearly demonstrates that the plaintiff was led to believe that the settlement included a promise of continued employment. In short, the defendant did not bear its burden of demonstrating that the seaman fully appreciated the consequences of the settlement.

The judgment of the district court is Affirmed.