Alexander WILSON, Plaintiff,

v.

WESTERN OCEANIC, INC., Defendant.

Civ. A. No. H–77–165.

United States District Court,
S. D. Texas,
Houston Division.

April 2, 1982.

Hubert L. Stone, Corpus Christi, Tex., for plaintiff.

Ted Litton, Royston, Rayzor, Vickery & Williams, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

McDONALD, District Judge.

Pending before the Court, are the parties' competing summary judgment motions. Defendant's motion requests this Court to dismiss the above-captioned action on the basis of a maritime release executed by plaintiff on September 16, 1976. Plaintiff's

motion requests the Court to find that this release is not a bar to plaintiff's suit. Defendant's motion was filed as a Motion to Dismiss,[1] however since defendant relied extensively on depositions, affidavits and exhibits, in support of its position, the Court has treated defendant's dismissal motion as one for summary judgment under Rule 56 Fed.R.Civ.P.[2]

After considering the record, the relevant law and the arguments of the parties in memoranda and at oral hearing, the Court concludes that both defendant's and plaintiff's summary judgment motions must be denied.

Plaintiff, Alexander Wilson, is a citizen of Scotland. Plaintiff filed this action on January 26, 1977 seeking remedies under the general admiralty law of the United States and the Jones Act, 46 U.S.C. § 688. On or about February 16, 1974 plaintiff sustained permanent personal injuries while working for the defendant aboard the drilling rig PACESETTER I. Plaintiff retained an attorney to represent him in an action against his employer, Western Oceanic, Inc. Plaintiff's attorney, Eric Wilson Reoch, subsequently negotiated a settlement of plaintiff's claims and plaintiff executed a release to that effect on September 16, 1976. Defendant argues that the settlement and release act as an absolute bar to plaintiff's current suit; plaintiff argues the contrary.

■ The law is well settled that the defendant has the burden of establishing the validity of a seaman's release. *Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942). The defend-

ant has the burden of establishing that the release was executed freely, without deception or coercion and that it was made by the seaman with full understanding of his rights. *Id.* Any appraisal of a seaman's understanding of his rights must consider the nature of the medical and legal advice available to the plaintiff at the time of signing the release and the adequacy of the consideration given by defendant for the release. *Id.* at 248, 63 S.Ct. at 252.

A litigant is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). *See Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980). Conversely, summary judgment is inappropriate where there exists a genuine issue as to any material fact. *See Keiser, supra.* In *Everhart v. Drake Management, Inc.*, 627 F.2d 686 (5th Cir. 1980), the Fifth Circuit plainly stated that "[s]ummary judgment may be granted only when the moving party has established his right to judgment with such clarity that the non-moving party cannot recover (or establish the defense) under any discernible circumstance." *Id.* at 690. In considering a summary judgment motion, the district court cannot resolve factual disputes by weighing conflicting evidence. *Farbwerke Hoeschst A. G. v. M. V. "Don Nicky"*, 598 F.2d 795, 798 (5th Cir. 1979). Thus, when conflicting inferences can be drawn from the underlying facts

---

1. Defendant never identified which provision of Rule 12(b) Fed.R.Civ.P. it sought dismissal under. It is evident, however, that defendant is alleging that, in light of the release, plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6). Although defendant's "release" theory is actually an affirmative defense to be pleaded, Fed.R.Civ.P. 8(c), it may be considered under Rule 12(b)(6) if the motion to dismiss is converted into one for summary judgment. *See generally* Wright & Miller, *Federal Practice & Procedure*: Civil § 1357, pp. 608–09.

2. Rule 12(b) Fed.R.Civ.P. provides in pertinent part that:

. . . If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The Court held an oral hearing on defendant's dismissal motion, at which time defendant was allowed to present any and all evidence in support of its motion.

contained in the record, summary judgment is inappropriate. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Moreover, "[o]n summary judgment the inferences to be drawn from the underlying facts contained in [the moving party's] materials must be viewed in the light most favorable to the party opposing the motion," *Id.* at 158–159, 90 S.Ct. at 1608–1609 quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

Here the record clearly establishes that plaintiff executed the release in question, freely and without deception or coercion. The Court, however, is of the opinion that reasonably minded jurors could draw differing inferences from the deposition testimony and exhibits in evidence, with respect to plaintiff's understanding of his rights at the time of the settlement.

The record raises several fact issues regarding plaintiff's understanding of the legal rights he relinquished by signing the release in question. Plaintiff's testimony was conflicting and contradictory when asked whether he understood the settlement agreement extinguished all his claims against defendant (Wilson Deposition p. 91 lines 1–8, p. 92 lines 13–15, 27–28, p. 93 lines 1–3). Plaintiff testified he was not advised he could reject defendant's final settlement offer and sue defendant in court (Wilson Deposition p. 89 lines 12–14). According to plaintiff, his attorney did not discuss the terms of the settlement or the release with him except to advise him to accept the settlement (Wilson Deposition p. 90 lines 17–21). Plaintiff asserts he did not understand the significance of the release at the time he signed it (Wilson Deposition p. 91 lines 27–28, p. 92 lines 1–15. Also see p. 91

lines 9–12). Plaintiff implies he thought the release merely expedited administrative procedures rather than barred his claims against defendant (*Id.* p. 91 lines 7–8, 11–15). Plaintiff's testimony raises serious credibility issues which cannot be resolved on a summary judgment motion. *Pepper & Tanner, Inc. v. Shamrock Broadcasting, Inc.*, 563 F.2d 391, 393 (9th Cir. 1977).[3]

Plaintiff apparently relied exclusively on his attorney's advice in deciding whether to accept defendant's settlement offers (*Id.* p. 87 lines 7–9, p. 89 lines 7–11). Plaintiff, however, claims his attorney never discussed his medical condition with him (*Id.* p. 82 lines 23–25). Plaintiff testified that he gave his attorney authority to receive doctor's reports on his condition, but none of these reports, except one, were shared with him (*Id.* p. 83 lines 8–28, p. 84 lines 1–32. Also see Reoch Deposition p. 11 lines 7–12, p. 29 lines 4–5, p. 30 lines 22–23). Plaintiff also testified he was never advised, by his doctors or his attorney, that he would suffer permanent disabilities from his injuries (Wilson Deposition p. 82 lines 17–20, p. 108 lines 4–8). This testimony was confirmed by plaintiff's attorney but contradicted by his physicians (Reoch Deposition p. 13 lines 7–15; Taig Deposition pp. 14–15; Jacobson Deposition p. 17 lines 13–22). In *Charpentier v. Fluor Ocean Services, Inc.*, 534 F.2d 71 (5th Cir. 1976) the district court was reversed for granting a summary judgment, upholding a seaman's release, when the plaintiff claimed the permanency of his disability was concealed from him by defendant's physician.[4]

The defendant makes a compelling showing that both plaintiff and his attorney understood the legal rights[5] which arose

3. Plaintiff's credibility was also impugned by other witnesses (*See* Jacobson Deposition pp. 24–25; Defendant's Exhibit No. 6; and Reoch Deposition p. 22 line 9—p. 23 line 4).

4. Courts have fairly consistently held that although a seamen's release may be set aside for a mutual mistake concerning the *nature* of a plaintiff's injuries, it should not be set aside for a mutual mistake concerning the *extent* and *outcome* of injuries. *Robertson v. Douglas*, 510 F.2d 829 (5th Cir. 1975); *Strange v. Gulf &*

*South American Steamship Co., Inc.*, 495 F.2d 1235 (5th Cir. 1974); *Sitchon v. American Export Lines*, 113 F.2d 830 (2nd Cir. 1940). Here, there is scant evidence of mutual mistake regarding the nature of plaintiff's injuries.

5. Under the Jones Act, plaintiff is entitled to seek recovery for impairment of future earning capacity, lost wages, medical expenses and pain and suffering. *See Allen v. Seacoast Products, Inc.*, 623 F.2d 355, 365 n.23 (5th Cir. 1980). Under the general admiralty law, an

from plaintiff's injuries at the time the settlement and release were executed (*See* Wilson Deposition p. 91 lines 1–8, p. 97 lines 18–23; Reoch Deposition p. 17 line 14, p. 19 line 27). On the other hand, the record raises a material fact issue as to whether or not defendant overreached plaintiff and his attorney. Neither plaintiff nor his attorney, both Scottish nationals, were familiar with United States maritime law, at the time plaintiff accepted defendant's settlement (Wilson Deposition p. 110 lines 9–17; Reoch Deposition p. 27 lines 14–25). Moreover, plaintiff's attorney testified he evaluated the adequacy of plaintiff's settlement in terms of damages recoverable under Scottish law (Reoch Deposition p. 17 lines 5–7).[6] Where an attorney's advice is not premised upon an understanding of plaintiff's rights under applicable law, seamen releases can be set aside. *See Morris v. Fidelity & Casualty Co. of New York,* 321 F.Supp. 320 (E.D.La.1970) *affirmed* 441 F.2d 1146 (5th Cir. 1971).

█ Although plaintiff's attorney testified the settlement agreement encompassed plaintiff's prospective lost earnings (Defendant's Exhibit No. 7), plaintiff claims that damage element was never contemplated (Wilson Deposition p. 98 lines 3–11).[7] Plaintiff testified he understood the settlement compensated him only for his injuries/disability, lost wages, and pain and suffering (*Id.* p. 97 lines 21—p. 98 line 9). There is no evidence that the settlement agreement reflected plaintiff's unconditional entitlement to maintenance payments (*Id.* p. 106 line 26—p. 107 line 3, p. 107 line 14—p. 108 line 3). In *Superior Oil Co. v. Trahan,* 322 F.2d 234, 237 (5th Cir. 1963), the Fifth Circuit affirmed a district court's finding of overreaching where plaintiff was not given a sufficient explanation of his right to maintenance and cure, among other things. Considering the permanency of plaintiff's disabilities and his inability to resume his previous line of work (*see* Defendant's Exhibit No. 2), differing inferences could be drawn as to whether plaintiff was overreached when he "settled" his claims for little more than his lost wages (*See* Wilson Deposition p. 110 lines 1–8).[8] Absent fraud, deception, or overreaching a release will not be set aside merely because plaintiff received considerably less from the settlement than he might have hoped to obtain. *Harmon v. United States,* 59 F.2d 372, 375 (5th Cir. 1932). *See also Strange v. Gulf South American Steamship Co., Inc.,* 495 F.2d 1235, 1237 (5th Cir. 1974). However "inadequate" consideration adds greatly to defendant's burden of proving the plaintiff was not taken advantage of. *Garrett v. Moore-McCormack Co., supra.*

█ Defendant stresses that the settlement, in issue here, was agreed upon after at least eleven months of arms length negotiations with plaintiff's attorney who was fully appraised of plaintiff's medical condition and legal rights. *See Harmon v. United States, supra; Sitchon v. American Ex-*

---

injured seaman is entitled to maintenance and cure payments. *Garrett v. Moore-McCormack Co.,* 317 U.S. 239, 240 n.2, 63 S.Ct. 246, 248 n.2, 87 L.Ed. 239 (1942). A seaman is entitled to maintenance and cure without proof of negligence, on behalf of the employer, or the unseaworthiness of the ship. *Id.; Cox v. Dravo Corporation,* 517 F.2d 620, 623 (3rd Cir. 1975), *cert. denied,* 423 U.S. 1020, 96 S.Ct. 457, 46 L.Ed.2d 392 (1975). The employer's duty to pay maintenance and cure continues until the seaman has reached "maximum cure." *Pelotto v. L & N Towing Co.,* 604 F.2d 396 (5th Cir. 1979).

**6.** Neither party introduced any authority describing the types of damages recoverable under Scottish law.

**7.** The testimony is ambiguous as to whether Mr. Reoch's use of the terms "future disability" and "prospective loss of earnings" is synonymous with "impairment of future earning capacity." *See* n.5 *supra.* Defendant attempted to ascertain whether Mr. Reoch considered plaintiff's impairment of future earning capacity in reaching a settlement, however, Mr. Reoch's testimony, was unclear on that issue (Reoch Deposition p. 20 line 25–28, p. 21 lines 3, 5–8, 16–20, 25–27).

**8.** Prior to his injury plaintiff earned approximately 6,500 pounds sterling per year. In his settlement plaintiff received 8,500 pounds sterling plus 488.33 pounds sterling for expenses and outlays for the medical reports (Wilson Deposition p. 110 lines 1–8; Defendant's Exhibit No. 3).

*port Lines, Inc.,* 113 F.2d 830, 832 (2nd Cir. 1940). As a result, defendant asserts it is entitled to summary judgment as a matter of law. However, while the advice of counsel may be an important factor in determining the validity of a seamans release, it is not decisive. *Morris v. Fidelity & Casualty Co. of New York, supra* at 321 F.Supp. 323. The critical inquiry is whether a plaintiff's legal advice was disinterested and based upon reasonable investigation. *Sitchon v. American Export Lines, Inc.,* 113 F.2d 830 (2nd Cir. 1940). While there is no evidence to suggest plaintiff's legal advice was not disinterested, plaintiff's attorney testified that he was unable to investigate the case to his satisfaction (Reoch Deposition, p. 26 lines 11–15). Whether or not the attorney's investigation was "reasonable" is a matter upon which reasonably-minded jurors could differ.

In light of the discussion above, the Court concludes that neither defendant nor plaintiff has met the burden mandated by *Everhart, supra.* Neither movant has established a right to summary judgment.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that defendant's Motion for Summary Judgment and plaintiff's Motion for Summary Judgment are DENIED.