**Claude BORNE, Plaintiff-Appellant,**

v.

**A & P BOAT RENTALS NO. 4, INC.,**
**Defendant-Appellee.**

No. 85–3328
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 22, 1986.

Paul J. Galuszka, New Orleans, La., for plaintiff-appellant.

Arden J. Lea and David J. L'Hoste, New Orleans, La., for defendant-appellee.

Before GEE, RANDALL and DAVIS, Circuit Judges.

PER CURIAM:

Seaman Claude Borne, a ward of the admiralty, appeals a district court order enforcing a settlement agreement that he now claims is invalid and unenforceable. We affirm.

### I.

Borne, a seaman, filed suit under the Jones Act and general maritime law against A & P Boat Rentals No. 4, Inc. the owner of his vessel, seeking recovery for injuries to his back in two alleged slip-and-fall incidents aboard the vessel. Eleven months after filing this action, Borne dismissed his attorney and received permission to substitute counsel. Borne's former counsel intervened, claiming his contractual right to share in any recovery to the extent of his costs and reasonable attorney's fees.

Towards the close of the first day of a jury trial, the judge called counsel for the parties to his chambers and urged them to reach a settlement. A & P offered $9000.

Counsel for Borne presented the offer to Borne who agreed to accept it. The intervenor was not present during these negotiations, and his claim was not mentioned.

On being advised of the settlement, the court dismissed the jury and, on December 16, 1983, dismissed the action subject to reopening if settlement were not consummated. A & P tendered its check and release forms by letter dated December 21, 1983. In correspondence of the same date, Borne's counsel informed the court that he would not accept the settlement because the terms "were not reasonable under the circumstances." He returned the unopened settlement documents and requested that the action be reinstated on the trial docket.

On February 29, 1984, the district court heard oral argument on A & P's motion to enforce the settlement. Several days later, the intervenor moved for adjudication of his claim on the settlement funds. On March 12, 1984, the court entered judgment in favor of Borne in the amount of the settlement and directed that the funds be deposited with the court. Borne filed notice of appeal on March 28. The next day, the district court referred intervenor's claim to a magistrate for adjudication. These proceedings were stayed pending the appeal to this Court.

On March 22, 1985, 755 F.2d 1131, this Court dismissed the appeal for lack of jurisdiction since the district court judgment adjudicated the claims of fewer than all the parties and was unaccompanied by a Fed.R. Civ.P. 54(b) certificate. A & P then filed a motion for an order directing entry of final judgment as to fewer than all parties. This motion was granted on May 8, 1985. Borne filed notice of appeal on June 3. A motion to continue the magistrate's hearing on the intervention was granted on June 6.

### II.

The issues before us today concern the validity and enforceability of the settlement agreement between Borne and A & P.

Borne argues that the district court erred in ordering enforcement of the settlement agreement. According to Borne, the agreement is not valid because it does not comply with Louisiana law. Borne further argues that the district court erred in ordering the settlement enforced without placing the burden on A & P to prove that Borne entered the agreement freely and with a full understanding of his rights. Borne maintains that this burden could not be satisfied for various reasons. First, Borne asserts that the district court threatened to declare a directed verdict or a mistrial or grant an A & P motion for judgment notwithstanding a verdict favorable to Borne, thereby coercing Borne into accepting the offer. Second, this coercion was aggravated by Borne's vulnerability: He has only a first-grade education, he cannot read or write or tell time. The district court's questioning of him during the trial and its alleged threats upset Borne to such an extent that he was not able to appreciate fully the consequences of agreeing to the settlement.

In response to Borne's arguments, A & P argues that federal, not Louisiana, law controls here. A & P denies that Borne was overreached. The settlement agreement was negotiated by Borne's counsel after the benefit of pre-trial discovery and investigation and after testimony from several of Borne's witnesses at trial. Once the settlement was reached, the district court informed the jury that the attorneys "had very sensibly and correctly" reached a settlement on behalf of their respective clients. Absent a claim of fraud, A & P argues that a settlement such as this one should not be set aside.

### III.

■ A threshold issue in this case is which law, state or federal, governs the validity and enforceability of agreements settling the rights of a seaman. The answer is clear. "Questions regarding the enforceability or validity of ... [settlement] agreements are determined by federal law—at least where the substantive rights and liabilities of the parties derive from federal law." *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir.1984) (citing *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207 (5th Cir.1981); *Strange v. Gulf & South American Steamship Co., Inc.*, 495 F.2d 1235 (5th Cir.1974); *Cia Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33 (5th Cir. 1967); *Harmon v. United States*, 59 F.2d 372, 373 (5th Cir.1932)). Because Borne alleged causes of action under general maritime law and the Jones Act, federal law governs his challenge of the validity or enforceability of his settlement agreement with A & P.

■ A considerable body of case law guides our review on this appeal. Seamen such as Borne "are wards of admiralty whose rights federal courts are duty-bound to jealously protect." *Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1160–61 (5th Cir.1985). We accordingly must "be particularly vigilant to guard against overreaching when a seaman purports to release his rights to compensation for personal injuries." *Id.* at 1161. Our ultimate concern in these cases is whether, at the time the seaman relinquished those rights, he did so with "an informed understanding of his rights and a full appreciation of the consequences" of executing the release, *Cates v. United States*, 451 F.2d 411, 414 (5th Cir.1971), *quoted with approval in Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d at 1161; *Charpentier v. Fluor Ocean Services, Inc.*, 613 F.2d 81, 84 (5th Cir. 1980), where the burden of demonstrating such understanding rests with the party claiming that the matter has been settled, *Garrett v. Moore-McCormack Co., Inc.*, 317 U.S. 239, 248, 63 S.Ct. 246, 252, 87 L.Ed. 239 (1942); *Gueho v. Diamond M. Drilling Co.*, 524 F.2d 986, 987 (5th Cir. 1975), *cert. denied*, 425 U.S. 976, 96 S.Ct. 2177, 48 L.Ed.2d 800 (1976). In applying this standard, we have therefore been sensitive to whether the parties have negotiated at arms-length and in apparent good

faith, whether the competency of counsel or the adequacy of medical or legal advice is questioned, and whether there is any appearance of "taint or fraud, deception, coercion or overreaching ... in the negotiations eventuating in the settlement." *Strange v. Gulf & South American Steamship Co., Inc.*, 495 F.2d 1235, 1236 (5th Cir.1974). Adequacy of the settlement consideration has been relevant in our review only insofar as it indicates "whether the seaman had a full understanding of his rights and of the consequences of the settlement agreement." *Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d at 1161. A determination whether a seaman was fully apprised of rights and consequences is a finding of fact. Absent an express district court determination on this, we must review the record for ourselves or remand the case for such a determination. *Id.* at 1162–63 & n. 16.

The tension in the case law is readily apparent in this appeal. On the one hand we must be duly sensitive to the fact that, as a ward of the admiralty, a seaman such a Borne is entitled to our vigilant protection to avoid overreaching. At the same time, courts have long and often observed that a hazard is associated with too stringent a rule on whether a settlement will be set aside. *Strange v. Gulf & South American Steamship Co., Inc.*, 495 F.2d at 1237; *Cia Anon Venezolana de Navegacion v. Harris*, 374 F.2d at 35–36; *Sitchon v. American Export Lines, Inc.*, 113 F.2d 830, 832 (2d Cir.), *cert. denied*, 311 U.S. 705, 61 S.Ct. 171, 85 L.Ed. 458 (1940). If employers are denied any degree of confidence in the finality of a settlement, seamen will lose the option to settle since employers will have little incentive to avoid a full-scale trial on the merits. Denying seamen that option is no kindness.

On this appeal there is no claim of failure to negotiate at arm's length, of a lack of good faith negotiation, of inadequacy of counsel, or of the appearance of fraud or deception. Borne focuses on coercion and overreaching. No evidence in the record before us, however, supports Borne's claim of judicial coercion.

With respect to overreaching, Borne makes much of his limited intelligence, claiming complete incapacity to understand his rights and the consequences of agreeing to settle.[1] Mental capacity is a factor in our analysis, *German v. Carnegie-Illinois Steel Corp.*, 169 F.2d 715, 719 (3d Cir.1948) (mental deterioration is a factor in rejecting a release), and the record does indicate that Borne did not remember dates and events clearly. Nevertheless, as the record stands before us, there is no evidence that Borne was mentally incapacitated or has been adjudicated to be so; and the court was never asked to appoint a guardian for Borne. The record does show, in part from Borne's own testimony, that Borne had held a job for nine years, that he could write his name, that he knew when to seek help from others, and that he had been able to discharge his first attorney and retain new counsel eleven months after initiating the action. Borne may have limited intelligence but he is by no means mentally incapacitated. While mental capacity is a factor here, it is not controlling.

Stripped to its essentials, then, the contention is that the district court erred in refusing to set aside a settlement that was rejected because the terms "were not reasonable under the circumstances." The rejection was by a plaintiff who lacked much formal education but who was represented by counsel of his own choosing. The settlement was reached, not after mere pre-

---

1. Borne's memorandum in opposition to A & P's motion to enforce the settlement refers to a report by one Neal Gorman. According to Borne, this report is evidence of Borne's mental incapacity. Whether the report is an affidavit and whether it is responsive to Borne's ability to understand his rights and the consequences of agreeing to settle is a mystery to us because, contrary to representation, the report is not in the record. The district court therefore had only trial and deposition evidence of Borne's mental abilities, including the opportunity to hear Borne himself testify.

trial investigation, but after almost a full day of testimony in a trial on the merits.

■ The settlement consideration of $9000 does not support a finding that Borne was ill-informed of his rights and the consequences of agreeing to settle. Our review of the record indicates that Borne could not establish an accident, let alone liability, for an alleged slip-and-fall in January 1982. Nor does the record show that Borne had much hope of recovering for an alleged slip-and-fall in February 1982. Accordingly, the consideration is not so insufficient as to suggest a lack of informed decision-making.

■ We come then finally to consider whether the district court erred in not allowing this seaman, who was acting upon the advice of counsel after a full investigation, to repudiate a settlement whereby he orally agreed to dismiss this action in return for $9000.[2] We hold that the district court did not err. When a seaman is acting upon independent advice and that advice is disinterested and based on a reasonable investigation, there being no question of competence, a settlement agreement will not be set aside. *Sitchon v. American Export Lines, Inc.,* 113 F.2d 830, 832 (2d Cir.1940); *Wilson v. Western Oceanic, Inc.,* 540 F.Supp. 228, 232 (S.D.Tex.1982). Here, Borne acted on the advice of counsel. No question of medical or legal competence is presented. The settlement was reached after full investigation. Safeguards were sufficiently in place to protect Borne. Based on the evidence in the record, the district court's implied finding that Borne was informed of his rights and of the consequences of agreeing to settle is not clearly erroneous. Hence, the district court did not err in ordering the settlement enforced.

## IV.

The district court order enforcing the settlement agreement is AFFIRMED.

---

**2.** Borne points to only one difference between the terms of the oral settlement agreement and the written agreement A & P submitted to Borne for his signature. Borne claims that there was no discussion during settlement negotiations on what the intervenor would receive. To the degree that this is relevant, there is nothing in the record before us to support this claim.