IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2007

Charles R. Fulbruge III
Clerk

No. 07-30576
Summary Calendar

TRANSOCEAN OFFSHORE USA INC.

Plaintiff-Appellant

v.

DAVID CATRETTE

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
2:05-CV-6328

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

This case considers whether Plaintiff Transocean and Defendant David Catrette entered into a valid seaman's release. The district court found that the release was invalid, and we AFFIRM.

FACTUAL AND PROCEDURAL HISTORY

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In April, 2003, Catrette suffered a work-related injury to his right shoulder while employed by Transocean as a Jones Act seaman. Transocean documented this injury in a series of reports and, upon Catrette's request, sent Catrette for medical treatment. In the course of this treatment, the examining doctor conducted an MRI and recommended a course of physical therapy but conveyed the test results and therapy recommendation only to Transocean's agent. In April, 2004, Catrette, without the benefit of this MRI or physical therapy information, signed a release of all his rights against Transocean in exchange for $4,000.00.

Subsequently, in June, 2005, Catrette underwent another MRI which revealed a possible tendon tear in his shoulder. In light of this discovery, Catrette filed suit against Transocean in Louisiana state court. In response, Transocean filed the action leading to this appeal in the Eastern District of Louisiana. Transocean sought to enforce the release and filed for partial summary judgment. Catrette moved to stay this summary judgment motion, and the district court granted the stay. Transocean appealed, and this court reversed and remanded for further proceedings. Subsequently, Catrette dismissed his state court claim and filed a counter claim in the Eastern District of Louisiana. The district court bifurcated the issues and held a one day bench trial in April, 2007, on the sole issue of the validity of the release. The district court found the release invalid, and Transocean appealed.

## STANDARD OF REVIEW

The district court's determination whether a seaman has validly entered a release is a factual finding, Borne v. A & P Boat Rentals No. 4, Inc. 780 F.2d 1254, 1257 (5th Cir. 1986), and this court reviews the district court's factual determinations under a clearly erroneous standard. Stevens Shipping and

Terminal Company v. JAPAN RAINBOW, II MV, 334 F.3d 439, 443 (5th Cir. 2003).

"The burden of proof in establishing the validity of a seaman's release is on the shipowner. The shipowner must show that the seaman's release 'was executed freely, without deception or coercion, and that it was made by the seaman with full understanding of his rights.'" Castillo v. Spiliada Maritime Corp., 937 F.2d 240, 244 (5th Cir. 1991) (quoting Garrett v. Moore-McCormack Co. 317 U.S. 239, 248 (1942)). "Factors relevant to an appraisal of a seaman's understanding of his rights include the nature of the legal advice available to the seaman at the time of signing the release, the adequacy of the consideration, whether the parties negotiated at arm's length and in good faith, and whether there was the appearance of fraud or coercion." Simpson v. Lykes Bros. Inc., 22 F.3d 601, 602 (5th Cir. 1994).

ANALYSIS

The district court found the release invalid because Catrette "was not fully informed of the condition of or future prognosis as to his shoulder" and "was not fully advised of his legal rights at the time he executed the release." As a basis for the finding that Catrette was not fully aware of his medical situation, the district court cited the facts that: 1) Transocean's agent informed Catrette that there was no tear in his shoulder, 2) Catrette was not shown the MRI Report, and 3) Catrette was not informed that he could ask a doctor of his choosing to review the findings. These facts lead the district court to conclude that "simply conveying that he has not tear in his shoulder is not sufficient to discharge Transocean's obligation to ensure Mr. Catrette was fully informed of his medical condition." As a basis for finding that Catrette was not fully advised of his legal rights, the district court noted that: 1) Catrette had no legal representation at the time he executed the release,

and 2) the attorney hired by Transocean to go over the release with Catrette "simply read the contract . . . stopping on several occasions to ask if [Catrette] understood what was being read to him . . . . This recitation was wholly inadequate given [Catrette's] level of sophistication." Further, the district court noted "the only portion of the contract explained in laymen's terms was that section prohibiting Mr. Catrette from filing suit against Transocean. There was no explanation of maintenance and cure, indemnity, or any other rights that Mr. Catrette was ostensibly forfeiting in the release."

Here, Transocean bore the burden of proving the validity of the release, and the record reveals no clear error in the district court's conclusion that Transocean failed to meet that burden. Thus, we AFFIRM the district court's finding.