RINGGOLD (SMITH v.). See Case No. 13,-
101.

RINGGOLD (SWANN v.). See Case No. 13,-
674.

RINGGOLD (UNITED STATES v.). See
Case No. 16,167.

RINGGOLD (WILLIAMSON v.). See Case
No. 17,755.

## Case No. 11,850.

### The RINGLEADER.

#### [6 Ben. 400.] [1]

District Court, E. D. New York. March, 1873.

SEAMEN—WAGES—UNUSUAL CLAUSE IN ARTICLES
—RELEASES IN FULL.

1. The crew of the Ringleader shipped at San
Francisco for a voyage to Hong Kong and oth-
er ports, and back to a port of discharge in the
United States, under articles, in the heading of
which was written a clause reducing their
wages after leaving Hong Kong. On the arri-
val of the ship at the port of discharge, the
men were offered pay at the reduced rate. They
protested against the reduction, claiming ig-
norance of the clause inserted, but finally took
the reduced pay and gave releases in full. They
now brought suit for the balance due, reckoned
at full pay for the whole voyage: Held, that as
the clause reducing the sailors' wages was un-
usual, and inserted in an unusual place in the
articles, the ship owner must give clear proof
that the sailors were clearly informed of and
agreed to it.

2. Whether such a clause, so written, is valid,
quære.

3. On the evidence the agreement with the
men was for $25 a month for the voyage.

4. All agreements and arrangements with
sailors are subject to examination in a court of
admiralty, and if unjust will be set aside and
disregarded.

5. The libellants were entitled to recover the
balance due them, notwithstanding their having
signed releases in full.

In admiralty.

Henry Morris, for libellants.

Beebe, Donohue & Cooke, for claimants.

BENEDICT, District Judge. The libellants
were shipped as seamen on board the ship
Ringleader, in San Francisco, for a voyage
thence to Hong Kong and other ports, and to
a port of discharge in the United States, for
a term of 18 months. The articles set forth
the rate of wages per month, at $25 00, but
in the heading of the articles was inserted
this clause: "The crew to take the current
rate of wages out of Hong Kong for the re-
mainder of the voyage." Upon the arrival
of the ship in this port, the men were dis-
charged and were tendered wages at the rate
of $15 00 per month, for the voyage since
leaving Hong Kong. This they refused to
take at first, asserting that they shipped for
$25 00 per month, and were never informed
of the existence of the special clause in the

articles above referred to. After some delay
and vain effort to obtain the wages, which
they claimed to be due, the seamen accepted
the terms proposed by the ship owner, and
were paid off, at the rate of $15 00 per
month for the voyage after leaving Hong
Kong, and thereupon signed full receipts and
discharges. They now bring this action for
the unpaid balance of their wages, calculated
at $25.00 per month for the whole voyage.
No evidence is produced to show that the
men were informed of the existence of the
special clause in the articles, and the seamen
swear they were not informed as to any such
stipulation, and made no such agreement.
The clause is unusual, and is placed as part
of the description of the voyage, while $25 00
is plainly stated as the rate of wages opposite
each man's name. To sustain such a provi-
sion in ships' articles, if it be of any validity
whatever, which I doubt, it was incumbent
on the ship owner to show clearly that the
seamen knew of and agreed to it. Upon the
proofs, as they stand, I hold that the agree-
ment made with the men was for $25 00 per
month.

As to the fact that they consented to be
paid off at $15 00 per month, and executed
full releases, it is well known that all agree-
ments and arrangements with sailors are
subject to examination in a court of admi-
ralty, and, if unjust, will be set aside and
disregarded. Here it is clear that the sea-
men were forced, by want of money and
clothing, to accept an amount less than their
due, and so claimed by them to be when it
was accepted. A settlement so made under
such circumstances, is no obstacle to their re-
covering the amount justly due them. Let a
decree be entered directing that each libel-
lant recover herein the balance of wages due
him, calculating the wages at $25 00 a month
from the time of their shipment to their dis-
charge; and let it be referred to a commis-
sioner to ascertain the amount.