PFEIL v. UNITED STATES.  THE WEST
SEGOVIA.  THE WAMPUM.

Circuit Court of Appeals, Second Circuit.
July 15, 1929.

No. 288.

924

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Horace M. Gray, Sp. Asst., U. S. Atty., of New York City, of counsel), for the United States.

George Pfeil, of New York City (George A. Voss, of New York City, of counsel), for appellees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). If the salvage paid to the master and crew, amounting to $2,866.52, be taken at the rather common percentage of one-fifth of the total award, it would mean that the total salvage allowance, had the Wampum been under private ownership, would have been slightly less than $14,500. While this sum would seem rather small, in view of the fact that each of the vessels involved was worth at least $1,000,000, it is not so obviously inadequate as to be completely out of harmony with previous decisions. See The Elkridge, 30 F.(2d) 618 (C. C. A. 2). There $25,000 was allowed for a towage twice as long and involving danger which resulted in loss of life. Here there was little rough weather and probably no danger to the salving vessel or its crew. Moreover, the sums paid respectively to members of the crew were evidently thought sufficient by experienced counsel, who represented several of the seamen. We should be disposed to consider excessive the sums awarded by the decree, if it were necessary to pass upon them; but the precise value of the salvage services need be determined only in case the releases are ineffectual to bar the present suit.

The contention of the libelants appears to be that a release by a seaman will be given no more effect than a receipt on account, provided the court considers the sum paid in settlement less than the full amount to which he was rightfully entitled. It is true that admiralty courts are careful to protect seamen against their own improvidence or ignorance in contracting away their rights. The Prince Frederick, 2 Hagg. 394, 396; Brown v. Lull, Fed. Cas. No. 2018; Rivers v. Lockwood, 239 F. 380 (D. C. E. D. S. C.); 1 Benedict, Admiralty (5th Ed.) 584. But the authorities do not go to the extent of holding that seamen are incompetent to make a binding settlement, or that releases must be upset without any evidence of deception, duress, or misunderstanding, if the court thinks more might have been obtained by litigation. Prima facie the release is valid. See The Topsy, 44 F. 631, 632 (D. C. S. C.); The Belvedere, 100 F. 498 (D. C. N. D. Cal.); The Charles D. Lane, 106 F. 746 (D. C. Wash.). Where there is evidence that the seaman did not comprehend that he was signing a release, it will be held ineffectual, as in Pac. Mail S. S. Co. v. Lucas, 264 F. 938 (C. C. A. 9); Riegel v. Higgins, 241 F. 718 (D. C. N. D. Cal.); The Henry S. Grove, 22 F.(2d) 444 (D. C. Md.). But in the instant case there is not a word in the record, except as to Capt. Pfeil, that the libelants did not release their claims with a complete understanding of what they were doing. Several of the crew had attorneys. The others may have relied on the judgment of these attorneys to protect the rights of all. In any event, no one has complained except Capt. Pfeil. He testified that he did not know that he had any right against the Shipping Board or the Wampum for salvage services. But the very document he signed informed him of such right and called upon him to release it. His statement that he thought he was merely receipting for extra wages is contradicted by the plain words of the written instrument. He is a man of some intelligence, able to read and write, and capable of understanding the meaning of the simple instrument which bears his signature. He does not even say he did not read it. It is incredible that he did not know he was signing a release. He does not represent that any one deceived him; he was under no duress. If he knew what he was signing, he made a deliberate settlement, as did the others, of the claim for salvage. We should have to hold that no adjustments of salvage between the owner of the salving vessel and its crew could be effective without approval by a court, if these releases are to be upset. The protection which the law accords to seamen against fraud and overreaching has not been, and should not be, carried to this extreme.

Accordingly the decree is reversed, and the libel dismissed.