## HARMON v. UNITED STATES.
### No. 6454.

Circuit Court of Appeals, Fifth Circuit.
June 7, 1932.

Samuel J. Tennant, Jr., of New Orleans, La., for appellant.

W. B. Spencer, Jr., Asst. U. S. Atty., Edouard F. Henriques, Sp. Asst. in Admiralty to U. S. Atty., and W. I. Connelly, Atty. U. S. Shipping Board, all of New Orleans, La., for the United States.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The seventh paragraph of appellant's libel for personal injuries brought, without explanation of the delay, on September 14, 1930, sixteen months after the alleged injury and eleven months after he had given a full release, against the United States of America as the owner, etc., of the steamship Sapinero alleged: "Your libellant alleges that the respondent, its agents, officers, and employees, did secure from him a document which is in the nature of a full and complete release on October 1, 1929 by the payment of $1,000, but your libellant alleges that the said release taken by the United States Shipping Board should be set aside and annulled, and that all its effect should be voided and vacated, because at the time of taking of the said release the libellant was incapacitated both mentally and physically to an extent where he could no longer exercise clear discretion, all of which facts were known to the respondent, it having been advised of his condition, thru its own physicians and surgeons, and your libellant alleges that because of these facts and because of an inadequate consideration that the taking of the release constituted a fraud upon your libellant's rights."

The libel prayed that the release be set aside and annulled, and that libelant have judgment for $50,000, his damages.

Issue having been joined upon the validity of the release, much testimony was taken. The hearing ended, the District Judge found that the release was valid and binding and constituted a clear and complete bar to the suit. This appeal is from the decree entered in accordance with these findings.

Appellee insists that the judgment should be affirmed because the libelant has not tendered back the money received on the faith of the execution of the release, and because the proof fails to impeach its genuineness and

binding force. Appellant, pressing upon our attention his character as seaman as imposing upon those dealing with him the duty of exercising the utmost fairness and good faith, and as protecting him from the consequences of his own improvidence or ignorance in contracting away his rights, insists that the circumstances under which the release was executed, his severe and disabling injuries, the consequent hysteria resulting, the pressure of financial straits, are such as to deprive the release of effect, except, as a receipt for the sum, leaving libelant his cause of action, and giving respondent the right to credit on the recovery the amount paid.

With the general principles invoked by appellant, that one who claims that a seaman has signed away his rights to what in law is due him must be prepared to take the burden of sustaining the release as fairly made with and fully comprehended by the seaman, we fully agree. Nor do we think this burden is lessened because the seaman frankly pleads the release, and asks its cancellation. This rule of course is most rigidly applied to clauses in shipping articles purporting to release rights which seamen have, and to releases of claims for wages. Harden v. Gordon, Case No. 6047, 11 Fed. Cas. 480; Brown v. Lull, Case No. 2018, 4 Fed. Cas. 408; The David Pratt, Case No. 3597, 7 Fed. Cas. 22; The Rajah, Case No. 11538, 20 Fed. Cas. 193; The Ringleader, Case No. 11850, 20 Fed. Cas. 818. These cases present in their facts, and in the learned and interesting discussions of them, typical cases of advantage in situation, and firmly establish, as the just consequence of that advantage, the rule that the advantaged one is under a heavy burden to sustain his dealings with the disadvantaged one. Nothing in these decisions, however, nor in the others cited by appellant, The Henry S. Grove (D. C.) 22 F.(2d) 444; Pfeil v. U. S. (C. C. A.) 34 F.(2d) 923, supports appellant's claim that a release entered into for a valuable consideration, settling a controversy involving matters contentious both as to liability and amount, after negotiations have been long on foot, in the course of which the plaintiff has had the benefit of the advice of counsel vigorously opposed to the settlement, no fraud, deception, or overreaching having been practiced, may be set aside merely because of the fact that plaintiff may have received considerably less for his injuries than at the end of a controversy he might reasonably have hoped to obtain.

A release of a claim to a matter in or about to be in litigation "is of the highest significance in general when it appears that the situation and circumstances of the parties show that it has been entered into with an understanding of the rights of the parties respectively, and with intent to include all matters of difference between them." Union Pacific R. Co. v. Harris, 158 U. S. 326, 15 S. Ct. 843, 845, 39 L. Ed. 1003.

While the record would easily support a finding that in releasing his claim appellant did not act wisely, it does not at all appear therefrom that he was either mentally or physically incapacitated from fully understanding and appreciating what he deliberately did. On the contrary, a careful reading of the record permits no other view than that appellant thoroughly understood the contents of the instrument which he signed, was well advised of all the facts and circumstances, including the state of the medical opinion as to his case, and well knew the consequences of its signing. Here is no case of a seaman in extremis pressed into a half understood agreement, which takes away an undoubted right. Here is a case of a matter in controversy, negotiations in regard to which, protracted over a considerable space of time in an atmosphere not of overreaching and double dealing, but of frankness and plain dealing, finally resulted in a settlement with nothing really set up to defeat it except the claim which of course may not avail, that one side obtained a better bargain than the other. Chicago & N. W. Ry. v. Wilcox (C. C. A.) 116 F. 913.

Notwithstanding the long and inexcusable delay in moving to set the release aside, the District Judge gave full and patient consideration to libelant's claim of mental incapacity. He found none; neither do we.

The judgment is affirmed.