Henry M. **STRANGE**, Plaintiff-Appellant,

v.

**GULF & SOUTH AMERICAN STEAMSHIP COMPANY, INC.**, Defendant-Appellee.

No. 73-3255.

United States Court of Appeals,
Fifth Circuit.

June 17, 1974.

John N. Barnhart, Houston, Tex., for plaintiff-appellant.

Kenneth D. Kuykendall, Houston, Tex., for defendant-appellee.

Before WISDOM and CLARK, Circuit Judges, and GROOMS, District Judge.

GROOMS, District Judge:

This is an appeal from an order sustaining Gulf & South American Steamship Company, Inc.'s (Gulf) motion for judgment in accordance with a settlement agreement made during the pendency of the action. We affirm.

This action was instituted on February 25, 1971, by Appellant Henry M. Strange, against Shipowner Gulf for personal injuries suffered by him on April 1, 1970, while working as a longshoreman aboard the GULF SHIPPER. The case was set for trial on November 6, 1972. The parties agreed to settle the case for $2250.00 on October 30, 1972, but appellant refused to execute the release and accept the settlement funds which had been delivered to his attorney.

The sole challenge to the order is that there was a mutual mistake of the parties concerning appellant's medical condition at the time of the settlement.

Appellee Gulf sent appellant to four physicians. The initial, and only objective finding, was a small laceration on the left frontal area of the scalp. During the months of April, May, and December 1970, appellant submitted to three neurological examinations in an attempt to ascertain the basis for his continued complaints of headaches and dizziness. One of the three neurological examinations included intensive tests during a six-day hospital confinement. When his deposition was taken in June 1971, appellant made the same complaints. In July of that year, on the direction of his attorney, he independently sought from one of the doctors another examination and report. The examination revealed that he was continuing to experience the same difficulties, and, like those that preceded it, failed to disclose any organic cause for his symptoms.

There is nothing in the record to indicate a failure to disclose any known medical facts with respect to appellant's condition, nor does there appear any attempt to mislead as to any prognosis. Two years and seven months elapsed from the date of his injury to the time of settlement. Previous settlement negotiations were had in July 1971.

Appellant possessed all the facts that Gulf possessed. His symptoms were subjective and he alone was aware of their severity and frequency of occurrence.

The parties negotiated at arms-length and in apparent good faith. There is no issue of the competency of counsel or the adequacy of legal advice. Nor does there appear any taint of fraud, deception, coercion or overreaching by Gulf in the negotiations eventuating in the settlement.

█ In the absence of a factual basis rendering it invalid, and we find none here, an oral agreement to settle a personal injury cause of action within the admiralty and maritime jurisdiction of the federal courts is enforceable and cannot be repudiated. CIA Anon Venezolana De Navegacion v. Harris, 374 F. 2d 33 (5th Cir.) ; Harmon v. United States, 59 F.2d 372 (5th Cir.) ; Beckham v. Reed, Kapt. H. Krohn, G.M.B.H., 217 F.Supp. 749 (S.D.Tex.) ; Dagounak-

is v. Santa Madre, 183 F.Supp. 54 (E.D. Va.), aff'd, 277 F.2d 461 (4th Cir.); Gilbert v. United States, 479 F.2d 1267 (2nd Cir.). See also Baska v. Western Agency, Inc., 485 F.2d 582 (5th Cir.).

In *Harris, supra,* where a shipowner sought to repudiate a settlement with a longshoreman, we said:

"Federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated *by either party* and will be summarily enforced." [Emphasis supplied] [1]

 The record facts and the applicable authorities do not sustain the challenge based on mutual mistake.[2] There would be little security in the settlement of a personal injury claim if the binding effect of such a settlement depended upon the certainty of the extent and outcome of the injuries involved. It is the very consequences of these uncertainties which the parties seek to foreclose by settlement and to take their chances on their outcome.

The language of the decision in *Harmon, supra,* where a seaman sought to set aside a release of a claim for damages for personal injuries based upon charges of mental and physical incapacity and inadequacy of consideration, is apposite and well noted in the light of this record. The court observed that the decisions did not support the claim that the release could be set aside, "merely because of the fact that plaintiff may have received considerably less for his injuries than at the end of a controversy he might reasonably have hoped to obtain," where "no fraud, deception, or overreaching having been practiced." In conclusion the court stated:

"Here is no case of a seaman in extremis pressed into a half understood agreement, which takes away an undoubted right. Here is a case of a matter in controversy, negotiations in regard to which, protracted over a considerable space of time in an atmosphere not of overreaching and double dealing, but of frankness and plain dealing, finally resulted in a settlement with nothing really set up to defeat it except the claim which of course may not avail, that one side obtained a better bargain than the other. Chicago & N. W. Ry. v. Wilcox (C.C.A.) 116 F. 913."

Though projected as an issue based upon an alleged mutual mistake, the ultimate issue in this case, as in *Harmon,* is not who got the better of the bargain, but whether the settlement was free of infirmities and fairly made. We hold that it was and affirm.

---

1. Hennessy v. Bacon (1890), 137 U.S. 78, 11 S.Ct. 17, 34 L.Ed. 605; Kelly v. Greer (3rd Cir., 1966), 365 F.2d 669; All States Investors, Inc. v. Bankers Bond Co. (6th Cir., 1965), 343 F.2d 618; Cummins Diesel Michigan, Inc. v. The Falcon (7th Cir., 1962), 305 F.2d 721; Florida Trailer & Equip. Co. v. Deal (5th Cir., 1960), 284 F.2d 567, 94 A.L.R.2d 638; Ingalls Iron Works Co. v. Ingalls (5th Cir., 1960), 280 F.2d 423; The Santa Madre v. Dagounakis (4th Cir., 1960), 277 F.2d 461.

2. 15A C.J.S. Compromise & Settlement § 36, at 257. Note 62 and 76 C.J.S. Release § 25, at 646. Notes 39 and 40.