393 So.2d 1161 (1981)
Richard A. CORREIA, Appellant/Cross-Appellee,
v.
SEABOARD COAST LINE RAILROAD COMPANY, a Corporation, Appellee/Cross-Appellant.
No. TT-221.
District Court of Appeal of Florida, First District.
February 10, 1981.
Rehearing Denied March 3, 1981.
*1162 Jeffrey G. Wood, of Beckham, McAliley & Proenza, P.A., Jacksonville, for appellant/cross-appellee.
Joseph P. Milton, of Howell, Howell, Liles, Braddock & Milton, Jacksonville, for appellee/cross-appellant.
Bill Wagner, of Wagner, Cunningham, Vaughan, Genders & McLaughlin, Tampa, for amicus curiae, Bay Area Trial Lawyers, Inc.
LILES, WOODIE A. (Retired), Associate Judge.
Plaintiff, Correia, brought this action against Defendant, Seaboard Coast Line Railroad Company, in a six-count complaint pursuant to 45 U.S.C. §§ 2, 5 and 51, the Federal Employers' Liability Act (FELA). He alleged a series of accidents, the first of which occurred on August 9, 1976. As a result of that accident, he was treated by Defendant's doctors who diagnosed his symptoms as low back strain or sprain and temporary in nature. He continued to have pain and finally was seen by a neurosurgeon in February, 1977. Dr. Edward Sullivan performed a myelogram at this time and discovered that Plaintiff had a herniated disc, and he successfully performed a laminectomy.
Prior to the February examination and operation, to-wit: on November 1, 1976, Plaintiff and Defendant's claim agent agreed upon and entered into "a full and complete release" based upon Plaintiff's injuries characterized as temporary in nature and either a strain or a sprain as a result of the August 9 accident.
Following the filing of Plaintiff's complaint, Defendant sought and was granted a partial summary judgment as to Counts I and V of the complaint, based upon the finding by the trial judge that the causes of action concerning the accident of August 9 were barred by the written release executed in November, 1976. Defendant also sought payment of attorney's fees pursuant to Section 57.105, Florida Statutes (Supp. 1978). The trial judge denied Defendant attorney's fees, and it has cross-appealed that denial.
The validity of a release attacked in a FELA case is determined under federal law. Dice v. Akron, C. & Y.R.R., 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398 (1952). Federal law recognizes mutual mistake as a ground for voiding a release. See Taylor v. Chesapeake & O. Ry., 518 F.2d 536 (4th Cir.1975); Robertson v. Douglas Steamship Co., 510 F.2d 829 (5th Cir.1975); Wooten v. Skibs A/S Samuel Bakke, 431 F.2d 821 (4th Cir.1969); Chicago & N.W. Ry. v. Curl, 178 F.2d 497 (8th Cir.1949); Graham v. Atchison, T. & S.F. Ry., 176 F.2d 819 (9th Cir.1949); Thompson v. Camp, 163 F.2d 396 (6th Cir.1947), cert. denied, 333 U.S. 831, 68 S.Ct. 458, 92 L.Ed. 1116 (1948); Stuart v. Alcoa S.S. Co., 143 F.2d 178 (2d Cir.1944); Bonici v. Standard Oil Co., 103 F.2d 437 (2d Cir.), cert. denied, 308 U.S. 560, 60 S.Ct. 106, 84 L.Ed. 471 (1939). Here, although we do not pass upon the factual correctness of whether the August 9 accident resulted in the herniated disc, we find that a mutual mistake or misrepresentation could have occurred. The inference could be drawn by a *1163 jury that either Dr. Dyer, Dr. Atkinson, or Dr. Todd was mistaken in his diagnosis of Plaintiff's injuries. This does not mean that all mutual mistakes of fact can void a release, as the Fifth Circuit has noted in Robertson v. Douglas Steamship Co., supra:
"Douglas points out that a panel of this Court has recently refused to set aside a longshoreman's release under similar facts in Strange v. Gulf & South American S.S. Co., 5 Cir.1974, 495 F.2d 1235. We think that Strange must be distinguished. In that case, the Court said:
The record facts and the applicable authorities do not sustain the challenge based on mutual mistake. There would be little security in the settlement of a personal injury claim if the binding effect of such a settlement depended upon the certainty of the extent and the outcome of the injuries involved. It is the very consequences of these uncertainties which the parties seek to foreclose by settlement and to take their chances on their outcome.
495 F.2d 1235, 1237. While it is true that a release should not be set aside for mutual mistake concerning the extent and outcome of injuries, which are necessarily future rather than present facts, it does not follow that a release should not be set aside for mutual mistake concerning the nature of the injuries, which is a present fact. The legal distinction must rest on the medical difference between diagnosis and prognosis." Id., at 836. [Emphasis added]
In this case there was present the possibility that a mutual mistake occurred as a result of Drs. Dyer, Atkinson and Todd's diagnoses of Plaintiff's injury as back sprain or strain and Dr. Sullivan's diagnosis of herniated disc. Therefore, the mutual mistake occurred as a result of the diagnosis, if at all, and does not rest upon prognosis.
It is axiomatic that summary judgments will not be upheld where there exists a genuine issue of material fact. The material fact in this case is whether the release was based upon a mutual mistake or misrepresentation between the Plaintiff and the Defendant's claim agent as a result of the August 9, 1976, accident.
For the above reasons, the summary judgment is reversed and remanded for further proceedings consistent with this opinion.
In view of this ruling, it is unnecessary to consider Defendant's contention that attorney's fees were improperly denied.
REVERSED AND REMANDED.
ROBERT P. SMITH, Jr. and THOMPSON, JJ., concur.