420 So.2d 113 (1982)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
David Powell, State Farm Mutual Automobile Insurance Company, John C. Cockerham and Bolinda F. Cockerham, His Wife, and State Farm Mutual Automobile Insurance Company, Appellees.
No. 82-759.
District Court of Appeal of Florida, Fourth District.
October 6, 1982.
Walter C. Jones, IV, of Walton, Lantaff, Schroeder & Carson, West Palm Beach, for appellant.
James A. Bonfiglio, West Palm Beach, for appellee-Powell.
Rolando A. Vasallo, West Palm Beach, for appellee-State Farm.
Guy C. Hill of Maxwell & Hill, West Palm Beach, for appellee-Cockerhams.
PER CURIAM.
This is an appeal by Allstate Insurance Company from a partial summary *114 judgment. It determined the issue of liability in favor of appellee, David Powell, and against Allstate. More exactly, it was decided that Allstate was liable under the theft coverage proviso of its insurance policy issued to Powell, on account of the theft of an automobile claimed to be owned by Powell.
A recital of the complicated fact pattern would not be necessary, helpful, or of general interest. Suffice it to say, there were genuine issues of material fact which precluded entry of summary judgment and which cause us to reverse. There were at least these issues:
A. The ownership and status of the car at the time in question.
B. Whether or not there was coverage under the policy. The policy was never before the Court. Without it there can be no determination or review of coverage.
A party moving for summary judgment must show uneqivocally that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. 31 West's F.S.A. Rules of Civil Procedure, Rule 1.510(c); Horton v. Gulf Power Co., 401 So.2d 1384 (Fla. 1st DCA 1981); Correia v. Seaboard Coast Line R.R., 393 So.2d 1161 (Fla. 1st DCA 1981); Wells v. Wilkerson, 391 So.2d 266 (Fla. 4th DCA 1980).
We REVERSE and REMAND for further proceedings.
GLICKSTEIN, HURLEY and WALDEN, JJ., concur.