DELL, Judge.
In an action for personal injuries, the injured plaintiff, Edward E. Humes (Humes), appeals from an adverse summary judgment in favor of the defendant, Norfolk and Dedham Mutual Fire Insurance Company (Norfolk). H.M. Lees (Lees), defendant below, joins Humes’ appeal. Norfolk cross appeals.
Norfolk issued a special multi-peril liability insurance policy insuring certain premises located at 169 Isle of Venice, Fort Laud-erdale, Florida, which Lees subsequently purchased from the named insureds. The policy did not name Lees as a named insured, and Lees never obtained an assignment of the policy. Lees entered into a contract to sell the property to Humes. Humes moved into one of the apartments and began collecting rents pursuant to a letter of authorization from Lees'. On June 10, 1977, before the sale from Lees to Humes closed, Humes suffered personal injuries while mowing the lawn.
Norfolk moved for a summary judgment on two grounds: first, that the express language of the policy excludes claims for injuries to employees; and second, that Lees was not a named insured under any policy issued by Norfolk. The trial court, after hearing argument of counsel and reviewing the record, entered summary judgment in favor of Norfolk upon findings that Humes was acting as an employee of Lees, and that although Lees was an insured, the policy excluded this claim for injury to an employee. Humes asserts that an issue of material fact exists as to his status as Lees’ employee and Lees asserts the same error. Norfolk contends that issues of material fact exist as to whether Lees had coverage under the policy.
The record demonstrates material issues of fact on both of these findings. For example, although Humes alleged and Norfolk admitted that Humes was Lees’ employee, Lees’ answer denies this allegation; thus, Norfolk’s admission does not bind Lees. In Lees’ answers to interrogatories, Lees stated that he had no employees on duty at the time of Humes’ injury, that Humes acted as an independent contractor who supplied his own lawn mower and did not receive any compensation for mowing the lawn. As to the claimed insurance coverage, Lees alleged in his cross-claim that he bought the property from the named insured and made premium payments to the bank which Norfolk knew or should have known. The record contains correspondence which indicates that Norfolk’s agent had knowledge that Lees had purchased the property. However, Norfolk denied coverage in its answer; by affidavit swore that it never consented to assignment of the policy to Lees; and in answers to interrogatories stated that its efforts to change the named insured after learning of the change in ownership were unsuccessful. The record also contains evidence from which a jury might find that Norfolk had cancelled the policy on June 1st, approximately nine days prior to the accident.
Finally, no party placed the insurance policy before the trial court. Without the policy, the trial court cannot determine coverage upon a motion for summary judgment. Cottone v. Broward County School Board, 431 So.2d 355 (Fla.1983); Allstate Ins. Co. v. Powell, 420 So.2d 113 (Fla. 4th DCA 1982).
Accordingly, we reverse the summary final judgment in favor of Norfolk and remand this cause for trial on all issues.
REVERSED and REMANDED.
GLICKSTEIN and WALDEN, JJ., concur.