Einar PEDERSEN, et al., Plaintiffs,

v.

M/V OCEAN LEADER, Official No. 561
518, etc., et al., Defendants.

No. C81-1002B.

United States District Court,
W.D. Washington,
Seattle Division.

Jan. 4, 1984.

Martin P. Detels of Detels, Madden, Crockett & McGee, Seattle, Wash., for plaintiffs.

Paul M. Poliak of Madden, Poliak, Mac-Dougall & Williamson, Seattle, Wash., for defendants.

## ORDER GRANTING RECONSIDERATION AND JUDGMENT

BEEKS, Senior District Judge.

Plaintiff properly filed this admiralty action in this court on October 2, 1981 to recover damages arising from a collision that allegedly occurred on January 18, 1980, at Dutch Harbor, Alaska between the defendant vessel and another owned by plaintiffs. It is undisputed that the parties reached an agreement to settle the action. Said settlement has been only partially consummated. Plaintiff made a motion on June 7, 1983 for entry of judgment in the amount of the unpaid balance due based upon the settlement agreement. The court denied that motion, relying on the authority of the United States Supreme Court that a court of admiralty does not have the equitable power to enforce such a private contract. Plaintiff now moves the court for reconsideration of that denial.

■ It is well settled that a court of admiralty exercises its jurisdiction upon equitable principles, but it is equally well settled that a court of admiralty does not have the characteristic powers of a court of equity. *Rea v. The Steamer ECLIPSE*, 135 U.S. 599, 608, 10 S.Ct. 873, 876, 34 L.Ed. 269 (1890). The Supreme Court has further held, in *Swift & Co. v. Compania Colombiana*, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1949), that "a court of admiralty will not enforce an independent equitable claim merely because it pertains to maritime property." *Id.* at 690, 70 S.Ct. at 865. In *Swift*, the action was properly filed in admiralty on a claim arising out of a contract of affreightment. An attachment under then General Admiralty Rule 2 was used to effectuate the action, but a fraud claim arose in connection with that attachment. The Supreme Court held that the admiralty court had jurisdiction to adjudicate the fraud claim because a court sitting in admiralty is not barred from equitable relief when that relief is subsidiary to issues wholly within the admiralty jurisdiction. *Swift, supra*, at 692, 70 S.Ct. at 866.

■ Furthermore, the Court of Appeals for the Fifth Circuit has held in *Strange v. Gulf & South American Steamship Co.*, 495 F.2d 1235, 1236 (5th Cir.1974), that an oral agreement to settle a personal injury cause of action, filed properly within the admiralty jurisdiction of the federal courts, is enforceable and cannot be repudiated. The court there found no factual basis for rendering the settlement invalid and affirmed the District Court in granting judgment in accordance with a settlement agreement.

This court, in accordance with the policy of federal courts generally, strongly encourages settlement agreements. While such a settlement agreement cannot serve as the basis for initiating an action in admiralty for specific performance, the interests of justice and judicial economy demand that when a plaintiff properly invokes the admiralty jurisdiction and the parties subsequently agree to compromise their differences, the admiralty court should not abandon the parties by refusing to enforce such a compromise disposition. Therefore, upon reconsideration, the court is of the opinion that its original decision was erroneous. Plaintiff here initiated an action properly within this court's jurisdiction. The parties agreed upon a settlement that required defendant to pay plaintiff $136,827.46. It is undisputed that of that amount, $15,783.10, plus interest at 9.989% per annum from September 9, 1982, remains unpaid. Accordingly, it is

ORDERED that the motion for reconsideration be granted and that judgment be entered for plaintiff in the amount of the unpaid balance due under the settlement agreement.