C. ITOH & COMPANY (AMERICA), INC., Plaintiff-Appellee,

v.

M/V BRIGHT STAR, Etc., et al., Defendants,

Dongsue Shipping Co., Ltd., Defendant-Appellant.

No. 86–3920
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 25, 1987.

Rehearing and Rehearing En Banc Denied Sept. 23, 1987.

James K. Carroll, Michael H. Torian, New Orleans, La., for defendant-appellant.

Ralph E. Smith, New Orleans, La., for plaintiff-appellee.

Before RUBIN, RANDALL, and HIGGINBOTHAM, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The parties to this suit reached a settlement agreement, and the district court entered a conditional judgment of dismissal. Thereafter, the defendant failed to pay what it had agreed, the court set aside the conditional judgment of dismissal and reinstated the case, and, when the defendant failed to appear or respond to discovery requests, a default was entered. The plaintiff having proved its claim, the court entered judgment for the full amount originally sought. We hold that the district court did not err in reinstating the case for trial, and, accordingly, we affirm.

I.

C. Itoh & Co. (America), Inc. (C. Itoh) owned a shipment of steel pipe transported from Pusan, Korea to New Orleans, Louisiana on board the M/V BRIGHT STAR. The BRIGHT STAR, which was owned by Kukje Shipping Co., a Korean corporation, was chartered to Dongsue Shipping Co., Ltd. (Dongsue), also a Korean corporation. The pipe was discharged from the BRIGHT STAR in New Orleans by Cooper Stevedores, Inc. into barges for movement upriver to a final destination in Memphis, Tennessee. After discharge of the pipe in Memphis, C. Itoh claimed that the shipment had been damaged in transit and brought suit against Dongsue, Kukje, and the barge operator, filing suit on this claim in May 1983. Kukje and the barge operator were later dismissed.

One year after the complaint was filed, Dongsue had still not filed responsive pleadings, so, pursuant to a previous order by the district court requiring such pleadings within thirty days, C. Itoh moved for and was granted a default. A month later, on June 20, 1984, Dongsue appeared and moved to set aside the default. The court granted the motion, then converted a scheduled pretrial conference to a status conference. It cancelled the trial date, which had been set for July 5, 1984, and set February 14, 1985 as the new trial date.

The case was again called for a pretrial conference on February 1, 1985. At that time, C. Itoh and Dongsue informed the court that they were working toward a settlement. The parties subsequently agreed on a settlement of $20,000. Consequently, on February 6, 1985, the district court entered an "Order of Dismissal," stating:

The Court having been advised by counsel for the parties that the above action has been settled;

It is ORDERED that this action is hereby dismissed without costs and without prejudice to the right, upon good cause shown within 60 days, to reopen the action if settlement is not consummated.

This was in accordance with Local Rule 9.8 of the Eastern District of Louisiana, which provides:

*Conditional Dismissals.* If the parties have agreed unconditionally to the settlement of a case, it shall be dismissed with leave to reinstate the matter if settlement is not concluded within the time stated in the dismissal order. If the settlement is not consummated, either party may proceed by motion to request that the dismissal be set aside and a summary judgment enforcing the settlement be entered.

Settlement of the claim was never concluded, for Dongsue never produced funds in the amount agreed upon by the parties. In June, Dongsue's counsel wrote C. Itoh's counsel, suggesting that C. Itoh might want to file a motion to compel settlement and seek interest in order to put some pressure on Dongsue. Accordingly, C. Itoh filed a motion to reinstate the case on the court's trial docket. The court instead extended the duration of the conditional order of dismissal for an additional sixty-day period. Thereafter, in November 1985, C. Itoh moved the court for a summary judgment enforcing the settlement. The court denied the motion because the case had not yet been reinstated. Subsequently, on December 16, 1985, the district court granted the motion to reinstate the case.

On June 6, 1986, after a delay of more than six months, C. Itoh moved for summary judgment against Dongsue in the amount of $20,000, "representing the amount of the settlement agreed upon between counsel for all parties." The court granted the motion and, pursuant to the court's order, C. Itoh submitted a proposed judgment. Dongsue objected to the proposed judgment on the basis that interest could commence only forty-five days after the date of judgment according to Local Rule 9.5, and moved to amend it to conform with Local Rule 9.5 or alternatively to vacate the judgment because of the incorrect imposition of interest and costs contained in the proposed judgment. On July 14, C. Itoh filed a motion with the court to recall the court's order granting summary judgment. On July 18, the court vacated that order and set a trial date of November 13. Thus, at this point, the court had not enforced the settlement but had instead set a trial date.

In August 1986, C. Itoh filed a motion for sanctions in response to Dongsue's failure to comply with the court's January 1985 order compelling it to answer document requests. The court ordered Dongsue to produce the requested documents by August 29. No response having been received, C. Itoh moved for an order to compel discovery and for sanctions. On September 18, Dongsue was ordered to show cause by October 15 why sanctions should not be imposed for its failure to respond.

On September 16, 1986, for reasons that counsel states are not "entirely germane to this appeal," counsel for Dongsue moved the court to allow the firm to withdraw as counsel of record for Dongsue. The court granted that motion. Thereafter, no response from Dongsue to C. Itoh's motions to compel discovery and for sanctions having been received, and no appearance by new counsel having been entered, the court on October 17 struck Dongsue's defenses, and on November 4 entered a default.

Without an appearance by Dongsue, the case proceeded to trial on November 14. The court thereafter entered judgment against Dongsue in the amount of $113,-

370.11, plus interest, to run from May 18, 1982, and all costs—the full amount sought by C. Itoh. No issue is raised concerning the adequacy of the evidence to support the judgment.

Thereafter, Dongsue moved to set aside the judgment and to have its original counsel re-enrolled as counsel of record. It appeals the district court's denial of its motion to set aside the judgment.

## II.

After the parties agreed to the settlement, Dongsue failed to pay the required consideration. The order of dismissal expressly provided that the case might be reopened if the settlement were not concluded within the specified time. Local Rule 9.8 permits a party to a settlement agreement that has not been performed either to seek a summary judgment enforcing the agreement or to reinstate the case just as if it had not been dismissed. The rule does not, as Dongsue asserts, allow a party to reinstate the matter for the *"sole purpose"* of obtaining a summary judgment enforcing the settlement.

This action arose under the court's admiralty jurisdiction. "Because the claims in this case are premised on federal general maritime law, we apply federal law to decide the validity [and enforceability] of the agreement to settle the claims."[1] The court's order reinstating the case on the trial docket complied literally with the local rules of the district court. The court was not obliged to insist that a party to the abortive settlement agreement seek to enforce it instead of ignoring it and proceeding on its original complaint.

## III.

Fed.R.Civ.P. 55(c) authorizes the court to set aside a judgment by default in accordance with Rule 60(b). That rule authorizes the court to relieve a party of its legal obligations for a number of reasons, including excusable neglect, "any other reason justifying relief from the operation

of the judgment," and other reasons not applicable here.

The reason for entry of the default was Dongsue's failure to respond to the order compelling discovery. Dongsue has shown no cause for this failure. It had been dilatory throughout the action. The judgment was entered after proper procedures. No reason to set it aside has been shown save C. Itoh's earlier willingness to accept a settlement for a lesser sum. We cannot say that under the circumstances the district court was in error in refusing to set the judgment aside.

For these reasons, the judgment is AFFIRMED.

---

1. *Mid-South Towing Co. v. Har-Win, Inc.,* 733 F.2d 386, 389 (5th Cir.1984). *See also Strange v.* *Gulf & South American Steamship Co.,* 495 F.2d 1235, 1236–37 (5th Cir.1974).