PER CURIAM.
We reverse the final summary judgment entered below because there are genuine, material issues of fact that remain to be resolved. See Allstate Insurance Combany v. Powell, 420 So.2d 113 (Fla. 4th DCA 1982). An important issue before the trial court was whether the contract between the parties constituted a “same direct contract” as contemplated by section 713.09, Florida Statutes (1987). An affirmative holding on this issue would permit appellant to file a single claim for mechanic’s liens against various properties contemplated by the contract. The trial court ruled as a matter of law that no “same direct contract” was involved. We do not hold that, as a matter of law, a “same direct contract” was established by the evidence. We hold simply that a question of fact existed, based upon the record, as to whether section 713.09 applied here, and we reverse for that reason.
Another factual issue, not treated by the parties, is whether the materials became fixtures, thus subjecting the properties to a claim for a mechanic’s lien, or whether they remained personalty (not permanently affixed to the realty) for which no lien is provided under the statute.
For these reasons we reverse and remand for such further proceedings as the parties may deem appropriate.
REVERSED AND REMANDED.
HERSEY, C.J., and DOWNEY and ANSTEAD, JJ., concur.
ON MOTION FOR CLARIFICATION
ORDERED that Appellant’s April 17, 1989 motion for clarification is granted. This court’s order of April 5,1989 granting attorney fees to Appellee is vacated, conditioned upon appellant prevailing on the merits and the trial court’s determination of a reasonable amount.