122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James R. STIVASON, Plaintiff-Appellant,
v.
Robert LOVE; VECO, Inc., an Alaskan corporation,
Defendants-Appellees.
 No. 96-35465.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted August 7, 1997
Decided Aug. 27, 1997.
 
 1
 Appeal from the United States District Court for the Western District of Washington, No. CV-94-00354-HRH H. Russell Holland, Chief Judge, Presiding.
 
 
 2
 Before: D.W. NELSON, WIGGINS, KOZINSKI, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 James Stivason appeals from summary judgment against his seaman's claims. The district court concluded that Stivason had released defendants by the settlement agreement. We have jurisdiction under 28 U.S.C. § 1291, and we review the order de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). To withstand a motion for summary judgment, there must be a genuine issue of material fact that may reasonably be resolved in favor of either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Finding none, we affirm.
 
 
 5
 Defendants must demonstrate that they did not take advantage of Stivason and that the release was "fairly made with and fully comprehended by the seaman." Garrett v. Moore-McCormack Co., 317 U.S. 239, 248 (1942) (quoting Harmon v. United States, 59 F.2d 372, 373 (5th Cir.1932)). "The adequacy of the consideration and the nature of the medical and legal advice available to the seaman at the time of signing the release are relevant to an appraisal of his understanding." Resner v. Arctic Orion Fisheries, 83 F.3d 271, 274 (9th Cir.1996) (quoting Garrett, 317 U.S. at 248).
 
 
 6
 I. Was the release fair?
 
 
 7
 The first consideration under the Garrett test is whether the settlement was fair--that is, whether the consideration for the release was adequate. Consideration for settlement must exceed that which is indisputably the minimum entitlement, under any view of the facts. See Blake v. W.R. Chamberlin & Co., 176 F.2d 511, 513 n. 1 (9th Cir.1949).
 
 
 8
 Stivason essentially complains that the settlement did not reflect that he had an unbeatable case. To show the strength of his case, he relies in part on Love's assessment of the potential damages as memorialized in a December 14, 1989, letter and also relies on Dr. Burtis's September 1, 1989, letter to Kalamarides.
 
 
 9
 While Stivason may have presented evidence to establish a triable issue of fact regarding the issues that would have been relevant had his claims gone to trial, the issue actually before the district court on summary judgment was different--whether the settlement agreement was fair. The district court correctly found that legitimate disputes existed regarding the validity of Stivason's claims that his alleged injuries were the result of exposure to toxic fumes. The district court identified eleven factors that weighed against Stivason's underlying seaman's claims against VECO.
 
 
 10
 We reject Stivason's challenge that the district court resolved factual disputes against him by identifying these eleven factors as weighing against him. He focuses on the district court's statement that the existence of the factors was undisputed. Reading the sentence in context and the decision as a whole makes clear, however, that the district court was acknowledging that disputes existed on the merits of Stivason's claims. Those disputes explain how a compromise settlement agreement was fair and thus valid. As the district court explained, the settlement "fairly allowed both plaintiff and VECO to avoid the risks of trial on disputed facts." The district court did not impermissibly resolve genuine issues of material fact about the adequacy of the settlement against Stivason; it correctly perceived that "Plaintiff's effort to refute or put the foregoing factors in the light most favorable to plaintiff do not prove the settlement was unfair." Given the district court's clear understanding of the appropriate inquiry, we will not reverse based on any arguably loose language in the decision that the factors were "undisputed." See Travelers Indem. Co. v. Vessel Sam Houston, 26 F.3d 895, 901 (9th Cir.1994). The district court did not err in finding the consideration for the release to be adequate.
 
 
 11
 II. Did Stivason understand the effect of the release?
 
 
 12
 We also find that defendants have carried their burden to demonstrate that Stivason fully understood his rights and remedies, as required for a settlement to be valid. Jones v. Taber, 648 F.2d 1201, 1203 (9th Cir.1981). Initially, we reject Stivason's contention that the district court incorrectly viewed the adequacy of the settlement as the dispositive factor in its analysis. The district court's decision read as a whole makes clear that it equally considered the understanding of the transaction but found that the objective evidence showed that Stivason fully comprehended what he was doing in signing the settlement.
 
 
 13
 Further, the district court did not improperly disregard Stivason's contention that he did not appreciate the settlement terms or his physical condition. Specifically, Stivason had claimed that he believed he would be able to return to work after 24 months and that he signed the settlement agreement thinking its payments were to cover that 24-month layoff only.
 
 
 14
 In addition to Love's specific testimony that Stivason actively participated in settlement negotiations and in fact structured the final settlement agreement, the evidence establishes that Stivason had two meetings with attorneys about possible legal remedies for his injuries. Despite these meetings, Stivason claims he was not represented by counsel and that no attorneys reviewed the settlement for him. Defendants had no obligation to ensure that he had a lawyer. Resner, 83 F.3d at 274. Notwithstanding Stivason's claim that Love told him that "you don't need an attorney" to resolve claims, the evidence shows that Stivason had ample opportunity to get legal advice. Stivason consulted with two attorneys, discussing both the outline of his claims and the initial settlement offer. Kalamarides, one of Stivason's two attorneys, testified that he discussed the results of his preliminary investigation with Stivason at one of the meetings. In addition to the two meetings, Kalamarides testified that he had other conversations with Stivason by telephone. Kalamarides also testified that Stivason seemed to understand his situation. Both attorneys testified that Stivason seemed reluctant to hire them and that he was largely concerned about attorney fees. Moreover, in his deposition, Stivason admits that if he had wanted to have the attorneys review the agreement, he would have done so.
 
 
 15
 Furthermore, Stivason knew what his wages and other past earnings had been, and he knew how long it would be until he was eligible for Social Security benefits. Stivason could not reasonably have understood the payments as intended merely to tide him over for the next two years because they were structured over an eight-year period. Considering all this evidence, we agree with the district court's conclusion that Stivason must have known the impact of the release on his legal rights.
 
 
 16
 The undisputed evidence establishes that Stivason had ample opportunity to discuss his situation with his physicians in addition to the two lawyers and that he took advantage of that opportunity. He testified that he was treated by Dr. Burtis, a specialist selected by his own physician and not by defendants. His actions showed that he knew he had serious health problems, regardless of whether he knew the precise etiology of those problems.
 
 
 17
 Given all this evidence to the contrary, no reasonable juror could accept Stivason's subjective contention that he did not understand the true nature of his injuries or the release. The district court concluded that Stivason's testimony--like that of his wife--about his confusion at the time of the settlement were insufficient to create a genuine issue of material fact because this evidence was "contradictory, self-serving, and implausible." We agree because when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).
 
 
 18
 Moreover, Stivason several times contradicted his testimony upon which he now relies. Stivason's brief to the district court on the statute of limitations issue stated that he had believed that the release precluded him from bringing any more claims at any time to get compensation for his alleged injury. Further, Stivason elsewhere admitted he at least "scanned" the settlement which clearly does not limit the settlement to payment for the next 24 months. Stivason cannot establish a genuine issue of material fact by his self-serving evidence that was contradicted by his other sworn testimony. See Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266-67 (9th Cir.1991).
 
 
 19
 In sum, the objective evidence establishes that Stivason understood what he was doing when he signed the settlement. No rational juror could conclude otherwise based on the Stivasons' selective statements to the contrary. Accordingly, we find the settlement agreement and the release to be valid. We need not consider the alternative arguments for affirming the judgment based either on ratification, which the district court accepted, or on statute of limitations, which it did not. Finally, we note that the district court allowed adequate discovery about what Love knew and said to Stivason. Accordingly, Stivason's claim that the district court should have granted him certain additional testimony also fails.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3