# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2020

Lyle W. Cayce
Clerk

No. 20-30241

Jarred Brent Perrin,

*Plaintiff—Appellant*,

*versus*

Hayward Baker, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-278

Before Higginbotham, Smith, and Dennis, *Circuit Judges*.
Per Curiam:[*]

Appellant Jarred Perrin is a commercial diver, who was injured while working on the Columbia Lock and Dam Project on the Ouachita River. He appeals orders enforcing a settlement agreement and dismissing his claim against Hayward Baker, Inc., a subcontractor responsible for grout work on the dam project. We affirm.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

**I.**

At the time of his accident, Perrin was employed as a commercial diver by Specialty Divers, Inc., working on the Columbia Lock and Dam Project. Hayward Baker "was a sub-contractor who was hired by Massman Construction Company to provide coring and grouting work on the Columbia Lock & Dam Project." In October 2018, while Perrin was underwater monitoring the pouring of grout, a pipe "shot up from the floor of the Lock & Damn structure through the water and into the air" and came down on his leg, fracturing his left femur.

Perrin brought suit against Hayward Baker for negligence under maritime law in January 2019. But he instructed his counsel not to bring suit against his employer, Specialty. As trial approached, Perrin's counsel—now, intervenors below—negotiated a settlement with counsel for Hayward Baker. On November 12, 2019, Perrin's counsel represented to Hayward Baker's counsel that he "spoke to Mr. Perrin who has advised that if offered he would accept $145,000 in full and final settlement." Hayward Baker agreed, and the parties notified the court that they had reached a settlement. In light of this settlement, the court dismissed the case but retained jurisdiction to enforce the settlement agreement.

As of January 10, 2020, Perrin indicated that he intended to abide by the settlement, but by January 14, counsel for Hayward Baker had learned that Perrin would not execute final documentation. Hayward Baker then moved to enforce the settlement, attaching correspondence between counsel as evidence of the agreement. Perrin, now assisted by new counsel, filed a response in which he argued that the correspondence was legally insufficient to constitute a binding settlement agreement under Louisiana law. He also argued that he did not intend to release either Specialty or Massman, the project's general contractor, from liability. In support, he filed only a copy of

the settlement agreement. Hayward Baker replied, filing additional correspondence and an affidavit from Perrin's former counsel confirming that Perrin had agreed to release all three companies associated with the Columbia project for the sum of $145,000. With the motion fully briefed, the district court scheduled the matter for oral argument on March 11, 2020.

The evening before oral argument, nearly two weeks after Hayward Baker's reply, Perrin filed a sur-reply and affidavit in which he attempted to create an issue of fact by contending that his counsel lacked authority to enter into the settlement. Perrin's late filing prompted the district court to hear the party's competing evidence during the March 11th proceedings. Counsel for both parties were present along with counsel for Specialty and the intervenors, Perrin's former counsel. Despite having filed an affidavit the night before, Perrin did not attend the proceedings. The district court heard evidence and argument from both parties and the intervenors.

At the close of the hearing, the district court ruled that Perrin sued under general maritime law, and thus the settlement's enforceability would be assessed under maritime law, not Louisiana law. The district court determined that Perrin's former counsel was credible and the testimony and documentary evidence indicated that Perrin knowingly agreed to settle his claim against Hayward Baker and to release the related parties, Specialty and Massman, with the understanding that Specialty would waive an insurer's lien arising from Perrin's receipt of benefits after his accident. The district court granted Hayward Baker's motion to enforce the settlement and ordered Perrin to execute the agreement. When Perrin failed to execute the agreement, Hayward Baker made, and the district court granted, a motion dismissing Perrin's claim with prejudice and adopting the settlement agreement. Perrin appealed.

No. 20-30241

## II.

Perrin contends that the district court erred by finding the parties had reached an enforceable settlement and violated due process by declining to defer its ruling until Perrin appeared to give live testimony. Perrin also challenges the district court's jurisdiction to enforce the settlement, given that Hayward Baker filed its motion to enforce after the deadline the court set for such a motion in its first dismissal order.

The district court correctly concluded that federal maritime law, not Louisiana law, governed enforcement of the settlement because Perrin's only asserted claim arose under general maritime law.[1] Consequently, we conclude that there is no jurisdictional defect in the orders at issue. Although the settlement agreement is a contract, the district court correctly found that it retained authority to adjudicate questions of the agreement's validity and enforceability by virtue of the agreement's maritime subject matter, even if Hayward Baker filed the relevant motion after the court's self-imposed deadline.

A "district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties."[2] "We review the district court's exercise of this inherent power for abuse of discretion."[3] "Federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be

---

[1] *See Borne v. A & P Boat Rentals No. 4, Inc.*, 780 F.2d 1254, 1256 (5th Cir. 1986) ("Because Borne alleged causes of action under general maritime law and the Jones Act, federal law governs his challenge of the validity or enforceability of his settlement agreement with A & P.").

[2] *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994).

[3] *Del Bosque v. AT & T Advert., L.P.*, 441 F. App'x 258, 260 (5th Cir. 2011).

No. 20-30241

repudiated by either party and will be summarily enforced."[4] "On appeal, a district court's conclusion regarding the validity of a seaman's release will be reversed only if the conclusion is clearly erroneous."[5]

"When a seaman is acting upon independent advice and that advice is disinterested and based on a reasonable investigation, there being no question of competence, a settlement agreement will not be set aside."[6] Here, settlement discussions concluded after the parties had completed discovery and filed a joint pretrial order, indicating that both sides had thoroughly investigated the negligence claim. Nothing in Perrin's briefs or affidavit raised a serious challenge to the independence or competence of his former counsel. Under maritime law, oral settlement agreements are enforceable, "even when a party later refuses to sign the memorializing documents."[7] Here, the record contains ample correspondence indicating that all parties believed a settlement was reached. This is sufficient to support the district court's conclusion that Perrin agreed to settle his claim on November 12, 2019.

We are not persuaded that the district court violated due process in reaching this conclusion. As of February 28th, the parties had briefed and submitted exhibits bearing on the motion to enforce. On March 5th, the district court entered an order setting the motion for argument on March 11th. Perrin waited until the night before argument to submit an unauthorized sur-reply disputing his counsel's authority to settle. He then chose not to

---

[4] *Strange v. Gulf & South American S.S. Co., Inc.,* 495 F.2d 1235, 1237 (5th Cir. 1974).

[5] *Durley v. Offshore Drilling Co.*, 288 F. App'x 188, 190 (5th Cir. 2008).

[6] *Borne*, 780 F.2d at 1258.

[7] *Hardison v. Abdon Callais Offshore, L.L.C.*, 551 F. App'x 735, 738 (5th Cir. 2013).

attend the proceedings next day. The hearing transcript indicates that the district court nonetheless considered Perrin's affidavit and another exhibit to his sur-reply in addition to hearing argument from his counsel. Under the circumstances, we find no reversible error.

We affirm the orders dismissing Perrin's claim and enforcing the settlement agreement.